[No. 12543.  In Bank. — June 21, 1888.]

# THE PEOPLE EX REL. E. W. TRAVERS, APPELLANT, *v.* A. C. FREESE, RESPONDENT.

PILOT COMMISSIONERS — REMOVAL BY GOVERNOR — OFFICE — APPOINTING POWER. — The board of pilot commissioners for the ports of San Francisco, Mare Island, and Benicia was created by section 2240, article 5, chapter 1, title 6, part 3, of the Political Code, and acquires all its powers from articles 5 and 6 of that chapter, and section 2442 operates as an exception to the general rule established by section 369 of the Political Code. The board is appointed by the governor, with the advice and consent of the senate, and a commissioner can only be removed by the appointing power, and not by the governor alone.

CODE — CONSTRUCTION. — Section 5 of the Political Code furnishes the rule of construction of those provisions of the code which are continuations of existing statutes, rather than section 4481.

ID. — SUBJECT-MATTER OF TITLE. — The subject-matter of a title of the code
    should be ascertained, not so much from the head-lines as from the con-
    tents.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*Attorney-General Johnson, Page & Eells, George A.
Knight,* and *Oliver P. Evans,* for Appellant.

*Stanly, Stoney, & Hayes,* for Respondent.

The COURT. — This is an action in the nature of *quo
warranto* to oust the defendant from the office of pilot
commissioner for the ports of San Francisco, Benicia,
and Mare Island, and to instate the relator therein.

The defendant was nominated by Governor Bartlett
and confirmed by the senate in January, 1887. In Feb-
ruary following he duly qualified, and has ever since
continued to discharge the duties of the office.

On September 28, 1887, Governor Waterman, who had
in the mean time succeeded Governor Bartlett, issued to
the relator a commission appointing him to the office,
"*vice* A. C. Freese, removed."

The relator, Travers, therewith qualified, and on the
3d of October, 1887, presented to the board of pilot
commissioners, defendant being present, his commission
from the governor, and demanded that he be let into
the possession and enjoyment of the office in place of the
defendant. Members of the board, defendant included,
refused to recognize the relator as a pilot commissioner,
or to let him into possession or enjoyment of the office.

The legislature has not been in session at any time
since the appointment of the relator.

Section 368 of the Political Code provides: "The fol-
lowing executive officers are appointed by the governor
with the consent of the senate: 1. The inspector of gas

meters. . . . . 2. Directors of the insane asylum. . . . .
3. Pilot commissioners." Section 369 of the Political
Code provides: "The officers enumerated in the first
subdivision of the last section hold their offices for the
term of two years; those in the second subdivision, for
the term of four years; and those in the third subdivis-
ion, during the governor's pleasure." Section 2440 of
of the Political Code provides: "There must be appointed
by the governor, by and with the advice of the senate,
three experienced and competent ship-masters or nautical
men . . . . [as] a board of pilot commissioners for the
ports of San. Francisco, Mare Island, and Benicia." Sec-
tion 2442 provides: "The commissioners hold their
offices during *the pleasure of the power appointing them*,
not exceeding four years from the date of their commis-
sions."

Under section 369, the governor may remove a pilot
commissioner at his pleasure, but under section 2442
such commissioner can be removed only by the joint act
of the governor and the senate; for where an appoint-
ment is made by the chief executive by and with the
advice or consent of the senate, the former alone is not
the "appointing power." (*People* v. *Cazneau*, 20 Cal.
507;. *People* v. *Tilton*, 37 Cal. 619.) Sections 368 and
2440 of the Political Code agree that the appointment of
pilot commissioner must be by the governor, by and with
the consent or advice of the senate; but the question for
solution here is, whether such commissioners hold their
offices "during the governor's pleasure," as provided in
section 369, or " during the pleasure of the power ap-
pointing them," as provided in section 2442. Which of
these two sections shall control? Section 369 is found
in part 3, title 1, article 2, of the Political Code. This
part of the code provides for the government of the state.
Title 1 provides for "the mode of election and appoint-
ment and term of office of civil executive officers." It
consists of seven chapters, treating of the classification of

public officers, legislative officers, judicial officers, salaries of judicial, ministerial, and other officers, general provisions relating to different classes of officers.

The board of pilot commissioners for the ports of San Francisco, Mare Island, and Benicia was *created* by section 2440, article 5, chapter 1, title 6, part 3, of the Political Code. The board acquires all its powers from articles 5 and 6 of this chapter. It prescribes the duties, compensation of the members thereof, and regulates their proceedings. If sections 368 and 369 were repealed, the board would not be affected thereby. Section 368 refers generally to the power of the commissioners, and a special provision, like section 2442, applicable to a particular board, would seem to operate as an exception to the general rule. Section 2442 is almost identically the same as section 3 of the act of the legislature, approved March 22, 1870, entitled "An act to establish pilots and pilot regulations for the ports of San Francisco, Mare Island, Vallejo, and Benicia," and must be construed as a continuation thereof. Section 5 of the Political Code provides: "The provisions of this code, so far as they are substantially the same as existing statutes, must be construed as continuations thereof, and not as new enactments."

We see nothing in the provisions of section 4481 of the Political Code inconsistent with this view. The subject-matter of a title should be ascertained, not so much from the head-lines as from its contents. The qualifications, appointment, term of office, organization, compensation, and powers and duties of pilot commissioners are the subject-matters of articles 5, 6, and 7 of chapter 1, title 6. The term of office and appointment of pilot commissioners, it is true, is a part of the subject-matter of sections 368 and 369 of title 1, but the provisions of title 6 as to such appointment and term of office are parts of the subject-matter of a subdivision of the code which applies especially and exclusively to the board of

pilot commissioners for the ports of San Francisco, Mare Island, and Benicia, and the board of pilot commissioners for Humboldt Bay and bar, and the officers composing said board. The term of office of these commissioners is a part of the subject-matter of title 6. Title 1 names sixty-nine civil executive offices. It contains an enumeration and classification of officers whose election, appointment, term, organization, powers, and duties are in nearly all cases provided for elsewhere in the code. It does not legislate comprehensively upon the subjects referred to in its title, but seems to be rather of the nature of an index to the subject-matter of offices.

Judgment affirmed.

PATERSON, J., and McFARLAND, J., dissenting.—We dissent. Sections 2440 and 2442 are a portion of title 6, part 3. This title relates to "public ways," and is divided into six chapters, which provide respectively for public ways, highways, toll-roads, toll-bridges, and ferries, wharves, chutes, and piers, miscellaneous provisions relating to public ways.

The rules for the construction of the codes and the provisions thereof are given in sections 4478–4484 of the Political Code. It is there provided, among other rules: "If the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject-matter of such title." In the case at bar, the conflict is not between the provisions of different chapters in the same title, or of different articles in the same chapter, or of different sections in the same chapter or article, but it occurs between provisions of different titles. It seems to us, therefore, that the rule prescribed by section 4481 must prevail in determining which of these sections shall stand as the law in this case. The provision of the code is so clear that no other rule of construction can be applied.

Article 1 deals almost exclusively with the election and appointment of officers, terms of office, the compensation and manner of removal, while article 6 is devoted largely to the construction and management of public ways. In article 1 nearly every state officer is referred to, and where the term of office and mode of appointment is not given, the fact is stated that those matters have been elsewhere legislated on. In fact, the officers named in section 368 are about the only officers whose appointment and terms of office are regulated without reference to some other provision in the code. The manner in which the election, appointment, term of office, etc., of the various offices were prescribed by the legislature in that article indicates grave consideration and deliberation. While it is true that "the subject-matter of a title does not depend so much upon the head-note as upon the contents of the title," still, we think that the appointment of pilot commissioners, among other officers, is more naturally dealt with in that portion of the code which provides specifically *and only* for the appointment, election, term of service, etc., of public officers of the state than in that portion of the code which is devoted to the construction and maintenance of highways, etc. Title 1 deals with public officers to the exclusion of all other subjects. The object of all rules for the construction of statutes is to ascertain the intention of the lawmaker. The rule prescribed by section 4481 is not only clear and applicable, but is founded in reason. It is intended to ascertain which of the conflicting provisions is the one to which the attention of the legislature was probably called. The appointment of the officers of the state was mere incidental matter in the establishment of the rules for the government of public ways. Any member of the legislature desiring to review, change, or amend the law with respect to the appointment or term of office of any public officer would naturally look first at that title which relates exclusively to such matters.

We think that the court below erred in its decision that the governor had not the right of appointment.

It is claimed that the governor did not in fact remove the respondent; that the statement in the commission, "*vice* A. C. Freese, removed," the demand of the relator to be let into possession of the office, and the refusal of the defendant to comply therewith, do not show the removal, and therefore there was no vacancy to be filled. We think, however, that the appointment of a successor in office when an officer is removable at pleasure is a sufficient act of removal. "The mere appointment of a successor would, *per se*, be a removal of the prior incumbent." (*Ex parte Hennen*, 13 Pet. 261; *Blake* v. *United States*, 103 U. S. 237; *Keenan* v. *Perry*, 24 Tex. 253.)