[No. 13433.  In Bank. — March 20, 1890.]

THE PEOPLE EX REL. E. W. TRAVERS, APPELLANT, *v.* A. C. FREESE, RESPONDENT.

BOARD OF PILOT COMMISSIONERS — APPOINTING POWER — REMOVAL BY GOVERNOR — STARE DECISIS. — When a member of the board of pilot commissioners has been appointed by the governor and confirmed by the senate, and the senate has failed to confirm a nomination by the governor of another member in his place at its next session, the governor cannot, after the close of the session of the legislature, and during the interim, remove the incumbent and appoint a successor. *People* v. *Freese*, 76 Cal. 633, affirmed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Attorney-General Johnson, George N. Williams, John N. E. Wilson,* and *Blake, Williams & Harrison,* for Appellant.

*Stanly, Stoney & Hayes,* for Respondent.

McFARLAND, J.—This is an appeal from a judgment of the superior court of the city and county of San Francisco in favor of respondent in a proceeding in the nature of *quo warranto,* which was instituted to test the right to the office of member of the board of pilot commissioners for the ports of San Francisco, Mare Island, and Benicia.

The respondent, Freese, was appointed to said office, by the then governor of the state, in January, 1887, was confirmed by the senate, and, having duly qualified, entered upon the discharge of the duties of the office. Between March 1, 1887, and March 18, 1889, and while the legislature was in session, the present governor nominated the appellant to the senate for the said office; but the senate failed to concur in the said nomination. On March 18, 1889, while the legislature was not in session (and it has not been in session since), the present governor attempted to appoint the appellant to the office, and issued to him a commission, which shows that he was appointed " *vice* A. C. Freese removed."

If the question presented here were an open one, it might fairly be said to be a debatable question. The provisions of the code upon the subject are conflicting, and it is somewhat difficult to reconcile them. Whether the occupant of the office holds it during the pleasure of the governor; whether the governor of his own motion can remove him at any time by appointing another in his place; or whether he can so appoint and remove only with the consent of the senate, — these are questions which could be well argued on either side of the controversy. Either side could, no doubt, be strongly stated. But we decline to again enter upon the discussion of these questions. They were thoroughly discussed, and,

after mature consideration and consultation, were determined by a majority of this court adversely to the contention of appellant in *People* v. *Freese*, 76 Cal. 633, — a case precisely like the one at bar. We see no good reason why the rule of *stare decisis* should not govern this case; and, looking ahead, we see good reasons why it should. It is not a matter of much importance who should temporarily have the office struggled for here. But it is a matter of considerable importance, in order to avoid uncertainty and disorder in the future, that those exercising power in the premises may have a settled rule to go by.

We therefore adhere to the judgment and opinion in the said case of *People* v. *Freese*.

The judgment appealed from is affirmed.

PATERSON, J., SHARPSTEIN, J., THORNTON, J., and BEATTY, C. J., concurred.

Fox, J., dissenting. — I dissent.

I do not think there is any substantial conflict in the provisions of the different parts of the code bearing upon the question. But if there is, the legislature, in the code itself, has prescribed the rule by which such conflict must be settled, and by which it must be determined which provision must prevail. (Pol. Code, secs. 4481, 4482, 4483.) Acting upon that rule, the questions stated in the prevailing opinion must be resolved by the provisions of chapter 3, title 1, part 3, of the Political Code. The office contended for here is one of those included in the section of this chapter giving the number and designation of the civil executive officers of the state. (Section 343.) Sections 368 and 369 are also a part of the same chapter. The former provides that this officer shall be "appointed by the governor, with the consent of the senate," and the latter provides that his term of office shall be "during the governor's pleasure." The provisions of the code which are claimed to be in con-

flict with these are found in title 6 of this part,—a title on an entirely different subject-matter, and into which it was not necessary to interject anything on the subject of the appointment or tenure of these officers. There we find, in section 2440, that these commissioners are to be appointed "by the governor, by and with the advice of the senate," and in section 2442, that they shall "hold during the pleasure of the power appointing them, not exceeding four years from the date of their commissions." While there is a slight difference in phraseology, there is none in legal effect; but if there was, the first, and not the last, must prevail, according to the rule prescribed by the code itself.

I fully agree that it is more important that there should be a settled and established rule for the guidance of those exercising the power of appointment and removal than it is that the office should for the time being be awarded to any particular person; but it seems to me that we had such a settled and established rule, and that such a rule was for the first and only time *unsettled* by the decision of this court in the case of *People* v. *Freese*, 76 Cal. 633, now cited and relied upon as *stare decisis*. Under language more favorable to the contention of respondent than that used in either of the provisions of our code, it has been settled in the United States for more than one hundred years, by both legislative and judicial construction, that the power of removal was vested in the executive alone. (See Marshall's Life of Washington, 196; Sergeant's Constitutional Law, 372, 373; *Ex parte Hennen*, 13 Pet. 230; *United States* v. *Avery*, Deady, 204–215; *McElrath* v. *United States*, 12 Ct. of Cl. 201; *Commonwealth* v. *Bussier*, 5 Serg. & R. 451.) In this state, as early as *People* v. *Hill*, 7 Cal. 97, it was held that the power to remove is incident to the power to appoint, and that the only way in which this power of removal can be limited is by first fixing the duration or term of office. It cannot be questioned that

the power of appointment is in the governor; the senate may approve or not, but it cannot appoint. The only time in the history of the state, so far as I have been able to discover, where the power of the governor to remove an appointee of the executive, even though the appointment had been confirmed by the senate when there was no fixed term of office, has been questioned, was in the case of *People* v. *Freese*, 76 Cal. 633.

I do not, therefore, think that we ought to accept, upon the principle of *stare decisis*, a decision which unsettles a rule of construction and of practice, in both the nation and the state, as old as the government itself.

I am not unmindful of the fact that several cases are cited in the opinion referred to, claimed to be in support of the rule there announced; but every case so cited, except one, was in relation to an office to which there was a fixed term attached. The exception was in the case of a local office, where it was held that the governor had never been vested with power to appoint. Not one of them is a case where the officer held, as here, "at the governor's pleasure," or "at the pleasure of the appointing power."