EDWIN M. PARISH v. CITY OF ST. PAUL.
JOHN Q. ADAMS v. SAME.[1]

November 29, 1901.

Nos. 12,689, 12,690—(90, 91).

### Removal from Office.

Where no tenure of an office is fixed by law, and no provision is made for the removal of the incumbent, the power of removal is a necessary incident to the power of appointment.

### Same.

But where, in such a case, the power of appointment to an office is vested in one officer, the appointee to be approved by another officer or official body, the incumbent may be removed by the appointment of his successor, but such appointment does not take effect until it is so approved, and until then the incumbent is entitled to discharge the duties of the office, and receive the salary therefor.

### Police of St. Paul—Appointment and Removal.

Rules applied in the construction of Sp. Laws 1889, c. 351, § 47, providing for the appointment by the mayor of the city of St. Paul of policemen, approved by the judges of the municipal court, for special attendance and duty in such court, and *held*, that the power of appointing and removing such policemen or bailiffs was not exclusively vested in the mayor, but in him and the judges of the court, the act of both being essential.

### Police Board.

The provision of the city charter placing the police department in the control of the police board in no manner changes the prior law as to the appointment of such bailiffs, except to devolve upon the board the powers and duties in that respect exercised by the mayor.

Separate actions in the district court for Ramsey county by Edwin M. Parish and John Q. Adams to recover from defendant city for services rendered. The two cases were by consent tried together before Jaggard, J., who made separate findings in favor of plaintiffs. From separate orders denying a motion for a new trial in each case, defendant appealed. Order affirmed in each case.

[1] Reported in 87 N. W. 1124.

*James E. Markham* and *Arthur J. Stobbart*, for appellant.

*Oscar Hallam*, for respondents.

START, C. J.

An action was brought by each of the plaintiffs to recover from the defendant city seventy dollars for salary for the month of August, 1900, as a policeman for special attendance and duty in the municipal court of the city. The pleadings, evidence, and decisions were substantially the same in each case. The trial court made its findings of fact and conclusions of law, ordering judgment for the plaintiff in each case for the amount claimed, and the defendant appealed from an order in each case denying its motion for a new trial. The cases were submitted together in this court, and will be here considered as one case.

The facts found by the trial court, so far as here material, are substantially these: On July 8, 1898, the mayor of defendant city, under and by virtue of Sp. Laws 1889, c. 351, and particularly section 47 thereof, duly appointed the plaintiff as policeman for special attendance and duty in the municipal court of the city of St. Paul. The judges of the municipal court thereupon duly approved the appointment. Thereupon the plaintiff duly accepted the appointment, and immediately entered upon the discharge of the duties of the position by virtue of such appointment and approval, and continued to discharge and perform the duties thereof up to and including the whole of the month of August, 1900. During all such time he was duly qualified for such position, and was in all respects eligible to fill and hold the same, and he faithfully performed the duties thereof. The city duly fixed the salary of the plaintiff at the sum of $840 per year, to be paid in monthly instalments of $70 each. All of plaintiff's salary has been paid by the city except for the month of August, 1900, which has not been paid, although duly demanded.

On August 8, 1900, the board of police of the city, duly appointed under and by virtue of the provisions of the charter of the city adopted by its electors May 1, 1900, by resolution attempted to remove plaintiff from his position, and on the same day, by resolution, attempted to appoint James H. Loomis and R. A.

Vance as policemen for special attendance and duty in the municipal court. Neither the attempted removal of plaintiff nor the attempted appointment of James H. Loomis and R. A. Vance, or either of them, was ever approved by the judges of such court, and they were never notified of the attempted removal or appointments. The trial court upon these facts found as a conclusion of law, with others, that the plaintiff was during the month of August, 1900, the lawful incumbent of the position of policeman for special attendance and duty in the municipal court, and entitled to his salary for that month.

The defendant makes but one assignment of error, which is this:

"The court erred in its order of May 29, 1901, denying defendant's motion for a new trial, on the ground that its decision made and filed herein was not justified by the evidence, and was contrary to law."

As there were several findings of fact, this assignment is insufficient to call in question the correctness of any of them. It only raises the question whether the findings of fact sustain the court's conclusions of law. Smith v. Kipp, 49 Minn. 119, 51 N. W. 656; Mahler v. Merchants Nat. Bank, 65 Minn. 37, 67 N. W. 655; Butler-Ryan Co. v. Silvey, 70 Minn. 507, 73 N. W. 406, 510. But, inasmuch as no point is made by plaintiff's counsel as to the assignment of error, and counsel on both sides have discussed the question whether the finding of the trial court that the plaintiff was appointed a policeman for special attendance and duty in the municipal court was sustained by the evidence, we have considered the question.

Our conclusion is, and we so hold, that the finding is sustained by the evidence. It is true that the commission issued by the mayor to one of the plaintiffs, if considered by itself, without reference to the other evidence in the case, particularly the mayor's communication to the judges of the municipal court as to the appointment, is practically conclusive that he was appointed as a policeman. But when the whole evidence upon this question is considered together, it is reasonably clear that each of the plaintiffs was appointed as a policeman for special attendance and

duty in the municipal court under the provisions of the municipal court act (Sp. Laws 1889, c. 351, § 47). This section provides:

"It shall be the duty of the mayor of said city to see that a sufficient number of police officers are always in attendance upon said court, and in readiness to obey its mandate, and preserve order in its proceedings. And said mayor shall have the power in his discretion to appoint not exceeding three persons, approved by the judges of said municipal court, as policemen for special attendance and duty in said court, irrespective of the general or special rules or legal regulations or enactments relative to the qualifications of policemen; but such persons shall receive the same, but no greater compensation, unless the council directs greater compensation, than ordinary police; * * * provided, however, that nothing herein contained shall affect the powers and duties of the general police in said court."

It is obvious from these provisions that a detail, under the first clause of the statute, of general policemen to be in attendance upon the court, is not the same as an appointment, under the second paragraph thereof, of persons, not exceeding three, to be approved by the judges of the court, as policemen for special attendance and duty in such court. Such detail of general policemen may be changed at the pleasure of the mayor, without the consent of the judges of the court. But persons so appointed and approved are not general policemen, but in fact bailiffs of the court. Nor are they under the control of either the mayor or chief of police, for they are special policemen or bailiffs of the municipal court, subject to its control and direction, and may not be removed at the pleasure of the mayor.

It is true that, where no tenure of office is fixed by law, and no provision is made for the removal of the incumbent, the power of removal is a necessary incident to the power of appointment. But the power of appointment of bailiffs in the municipal court is not exclusively vested by the section of the municipal court act under consideration in the mayor, but it is vested in the mayor and the judges of the court; the one nominates, the other approves, and the act of both is essential to a valid appointment. It follows, as a corollary of this proposition, that an incumbent of the office of bailiff in the municipal court can only be removed by the appointment of his successor in the same way that the incum-

bent was originally appointed,—that is, the mayor may remove such incumbent by appointing his successor; but such appointment does not take effect until approved by the judges, and until then the incumbent is entitled to discharge the duties of the office and receive his salary. People v. Cazneau, 20 Cal. 504, 507; People v. Freese, 76 Cal. 633, 18 Pac. 812; Throop, Pub. Off. § 447.

We have thus far considered the case without reference to the provisions of the reform charter of the city of St. Paul. Chapter 7, tit. 3, § 2, of the charter provides, in effect, that all the powers and duties conferred upon the mayor and the police force of the city by the statute (Sp. Laws 1889, c. 351, § 47), which we have construed, shall be conferred and imposed upon the police board and police force provided for by the charter. The meaning of this provision is clear. It simply substitutes the police board in place of the mayor in the matter of the appointment of special policemen or bailiffs in the municipal court, and gives to the board the same and only the same powers of appointment and removal of such officers as the mayor theretofore possessed.

The charter also provides that the control of the police department of the city shall be vested in the board of police, and that the members of the department shall hold office only during the pleasure of the board. See State v. City of St. Paul, 81 Minn. 391, 84 N. W. 127. It is the contention of counsel for the city that the plaintiff is a member of the police department of the city; hence, under this last provision of the charter, he could be removed from his office of policeman for special attendance and duty in the municipal court at the pleasure of the board, without the approval or concurrence of the judges. If this construction of the charter provision be correct, then it follows that it amends in a material particular the municipal court act, and the question of its constitutionality, raised by plaintiff's counsel, would have to be considered. But such is not the correct construction of this charter provision. It must be construed in connection with the provision of the municipal court act which we have considered; also with the first provision of the charter conferring upon the police board all the duties and powers of the mayor as to the appointment of bailiffs for the municipal court.

Now, if the charter provision vesting the control of the police department in the board, and authorizing it to remove its members at the pleasure of the board, had been intended to apply to the appointment and removal of such bailiffs, there would have been no necessity for specially providing that the powers and duties vested in the mayor by the court act should devolve upon the board. When all of these provisions of the charter and court act are read and construed together, it is clear that the charter provisions in no respect modify the court act, except to substitute the board for the mayor as to the appointment of bailiffs. Again, a conclusive answer to the contention of the city is that bailiffs of the municipal court are not members of the police department proper, for they are appointed for a special service, without reference to their qualifications for service as members of such department; and when the term of their special service ends by the appointment and approval of their successors they cease to be policemen for any purpose. Otherwise men having none of the legal qualifications entitling them to be appointed as members of the police department might be appointed as policemen or bailiffs for special service in the municipal court, and upon the expiration of the term of such service become members of the department in violation of the law.

It follows that it was competent for the police board to propose the removal of the plaintiff from his office by appointing his successor, but, until such appointment was approved by the judges of the court, the removal and appointment did not become effective, and until then the plaintiff remained the rightful incumbent of the office, and entitled to his salary.

Order affirmed in each case.