STATE ex rel. J. F. BRANDT v. HUGH THOMPSON and Others.[1]

January 8, 1904.

Nos. 13,790—(219).

**Removal from Public Office.**

The subject of the removal of public officers from office, either elective or appointive, is within legislative control, and the manner or method prescribed by statutory enactments therefor is exclusive.

**Removal by City Council.**

The city council of East Grand Forks, a city incorporated under the provisions of Laws 1895, c. 8, has no power to hear charges against and remove the mayor of that city from his office.

Alternative writ of prohibition issued from the Supreme Court upon relation of J. F. Brandt, enjoining defendants, as members of the city council of the city of East Grand Forks, from removing relator from the office of mayor of said city. Writ absolute granted.

*F. C. Massee, G. A. E. Finlayson,* and *Martin O'Brien,* for relator.
*Bronson & Margeson* and *Guy C. H. Corliss,* for respondents.

BROWN, J.

Writ of prohibition to the city council of East Grand Forks.

The facts are as follows: Relator is, and since January, 1902, has been, the mayor of East Grand Forks, this state, and respond-

[1] Reported in 97 N. W. 887.

ents are members of the city council. On November 1, 1903, respondents, acting officially, instituted proceedings to remove relator from his office as mayor, and this writ was sued out to restrain and enjoin them from further proceedings therein. The only question presented for our consideration is whether respondents, as the city council, have power to take cognizance of charges against the mayor, and to hear and determine the same, and remove him from office, if satisfied that a case for removal exists.

The city of East Grand Forks was originally incorporated by Sp. Laws 1887, p. 602 (c. 45), and continued under the authority there granted until 1898, when it became reincorporated or reorganized under Laws 1895, p. 16 (c. 8), and it is now acting under and by virtue of that law. Under its original act of incorporation the council, as governing body of the municipality, possessed no power to remove an elective officer from office. That act provides for the removal of appointive officers, but no authority for the removal of those elected by the people; and it is not contended that respondents are proceeding by authority of any provision of that act. Nor is it claimed that such authority is conferred by Laws 1895, p. 16 (c. 8). Provision is made in that act for the removal by the council of appointive officers, but authority so to act is limited to that class of officers. As to elective officers, section 52 provides that any officer or employee of the city who shall offend against any of the provisions of the act, or otherwise be guilty of misconduct in office, shall be deemed guilty of a misdemeanor and punished as misdemeanors are punished by the laws of the state, and also "forfeit his office and be forever disqualified from holding any office of trust or profit under the city government." This section is general, and applies to all classes of officers, and is the only method provided by the act of 1895 for the removal of elective officers. The commission of an act constituting misconduct in office, and such as to justify removal, is declared a misdemeanor, and the forfeiture of office results from conviction of the offense.

But it is claimed that section 1051, G. S. 1894, applies and fully authorizes the contemplated proceedings. That section is a part of Laws 1870, p. 56 (c. 31), entitled "An act to authorize the incorporation of cities." The question presented is whether it applies to cities incorporated under Laws 1895, p. 16 (c. 8). This section provides that

any person appointed to public office by the common council, or elected by the people, may be removed from his office by a vote of two-thirds of all the aldermen authorized to be elected, upon charges made against the person sought to be removed, and opportunity given him to be heard in his defense. If this section applies, and is in force as to East Grand Forks, the position of respondents must be sustained, and the writ quashed; otherwise it should be made absolute. The particular ground upon which respondents base their claim that it does apply is the provision found in section 27 of the act of 1895, which is as follows:

> "The city officers of such city or village at the time of its reorganization * * * shall thereafter exercise the powers conferred upon like officers, * * * and all laws and parts thereof not inconsistent with the provisions of this act shall continue in force and be applicable to such city or village, the same as if such reorganization had not taken place."

Respondents' contention in this respect cannot be sustained. The portion of the act of 1895 just quoted provides that all laws or parts of laws shall continue in force and be applicable to cities organizing thereunder to the same extent as if such reorganization had not taken place. Section 1051 never applied to East Grand Forks, for it was incorporated by special act of the legislature. It applied only to cities incorporated under the general statutes, of which the section forms a part. By the insertion of this provision in the act of 1895 the intention was to preserve all prior laws pertinent or applicable to the villages or cities incorporated previous to the act of 1895, but reorganizing thereunder, giving to them the same force and effect as they possessed prior to the reincorporation, and nothing further; and for the reason that the section did not apply to East Grand Forks prior to its reincorporation it was not made applicable by the provision quoted. It must therefore be held that section 1051 does not apply.

The contention that, independent of any statutory authority, the governing body of a municipality has power to remove its mayor for cause, is not sound. It is quite true, as a general proposition, that the power of removal of public officers is incident to the power of appointment (Parish v. City of St. Paul, 84 Minn. 426, 87 N. W. 1124), but

this applies more particularly to appointive officers, and not to those elected by the people. The subject of removal of all officers is within legislative control, and where that body prescribes a manner and method of removal it is exclusive. A method of removal is provided by the statutes under which East Grand Forks is now incorporated, and the method there pointed out must be followed. Appointive officers may be removed by the appointing power, and elective officers by a conviction of misconduct.

It follows that the writ of prohibition prayed for must be granted. It is so ordered.