## STATE EX REL. VILLAGE OF CHISHOLM AND OTHERS v. A. L. BERGERON AND C. E. BERKMAN.[1]

July 6, 1923.

No. 23,654.

Misfeasance of respondents in office not triable under writ of quo warranto.

1. In a quo warranto proceeding instituted in this court charges of misfeasance in office of a respondent cannot be tried, and allegations of that sort must be disregarded.

[1]Reported in 194 N. W. 624.

Village council without power to remove commissioners without hearing.

    2. A village council has not the authority to remove at will and without hearing members of its water, light, power and building commission created under chapter 412, Laws 1907, and amendatory acts.

Upon the relation of the village of Chisholm and others the supreme court granted its writ of quo warranto directed to A. L. Bergeron and C. E. Berkman to show cause why they had not accepted their dismissal from office as members of the water, light, power and building commission of the village of Chisholm. Respondents demurred to the information and writ. Demurrers sustained and writ quashed.

*Clifford L. Hilton*, Attorney General, and *John R. Palmer*, for relators.

*Austin & Austin*, for respondents.

HOLT, J.

The respondents demur to the information on which the writ of quo warranto issued in this court, at the request of the attorney general. The relators are the village of Chisholm, Walter B. Brown and Anton Tanzig, who claim that respondents usurp and withhold from relators Brown and Tanzig their office as members of the water, light, power and building commission of the village, to which office said relators have been appointed.

The information states: The village was organized under chapter 145, p. 148, Laws 1885, and has a population of less than 10,000; in 1910 the village council duly adopted and accepted the provisions of chapter 412, p. 588, Laws 1907, thereby creating a village water, light, power and building commission pursuant to said act, and appointed 3 members thereof, which commission has since functioned; on May 23, 1923, the respondents were such duly appointed and acting members, respondent Bergeron having been appointed March 29, 1921, for the term of 3 years and respondent Berkman having been appointed April 3, 1922, for a like term; on said May 23, 1923, while respondents were so acting pursuant to appointment, the village council duly adopted a resolution, discharging respondents from their office on the ground that they were unfit and that the

interest of the public required their removal from office, and on the same day relators were appointed respondents' successors by the council, but respondents refuse to yield the office to relators. The foregoing are the material allegations of the information so far as the demurrer goes. There is no pretence that respondents have had a hearing upon any charges of misconduct in office. The misfeasance specifically alleged in the information is not well pleaded, not being triable by this court on quo warranto, and must be disregarded. State v. Hays, 105 Minn. 399, 117 N. W. 615.

The sole question raised by the demurrer is the authority of the village council at its pleasure to remove members of this commission. The general rule is that the power to appoint carries with it the power also to remove. McQuillin, Mun. Corp. § 558. This holds true not only where the appointment is for an indefinite time, Parish v. City of St. Paul, 84 Minn. 426, 87 N. W. 1124, 87 Am. St. 374, but may also apply to a fixed term. Sykes v. City of Minneapolis, 124 Minn. 73, 144 N. W. 453. The appointment of the members of the commission is placed in the hands of the village council by chapter 412, p. 588, Laws 1907. And relators contend that to the village council is given the express power by subdivision 15, § 1268, G. S. 1913, "to remove any officer appointed or elected by the council, whenever, in its judgment, the public welfare will be promoted thereby."

But, notwithstanding the general rule referred to and the above statutory provision, we are of the opinion that the village council does not possess the power contended for in respect to respondents. It is to be noted that, when the express power was granted by subdivision 15, § 1268, G. S. 1913, to remove officers, none existed of the type afterwards provided by said chapter 412, p. 412, Laws 1907, which describes the powers and functions of the persons appointed thereunder and definitely fixes their tenure of office. It has been held that, when a statute creates an office to be filled by appointment for a fixed term, the right to remove is not incident to the power to appoint. Commissioners v. Byars, 167 Ky. 306. We, therefore, must determine from an examination of the act under which villages are permitted to create a water, light, power and

building commission, whether the express power granted village councils, as above noted, to remove village officers embraces members of such commissions.

In chapter 412, p. 588, Laws 1907, as amended by chapter 239, p. 335, Laws 1911, G. S. 1913, §§ 1807-1815, the procedure for creating and maintaining such commissions is carefully specified. As first made up one member shall be appointed for one year, one for two years, and one for three years, and each year thereafter the council shall appoint one member "whose term of office shall be for three years, and each member of said commission shall be president of said commission during the last year of the term for which he is appointed." This indicates stability, and negatives the thought that a commissioner is subject to removal at the will of the council. The duties and powers of the commission emphasize the legislative intent to create a body free from any coercion or control by the village council. It is given the power to appoint a secretary, and to it, and not to the village council, is given express authority to remove such officer. The commission shall have full, absolute and exclusive control of the water, light and power plants including public buildings and halls owned by the municipality, with full authority to operate the plants, and rent the buildings for public use and entertainment. This must necessarily lodge in the commission, and not in the village council, the power to hire or appoint and discharge persons in carrying on such enterprises. It may fix rates, it shall audit all claims, and the secretary shall draw warrants therefor on the village treasurer. The present Chief Justice well states the legislative purpose in State v. McIlraith, 113 Minn. 237, 129 N. W. 377: "The purpose was to create a water and light commission in the class of cities and villages named in the act, and to clothe it with exclusive authority, acting by itself, and independently of the common council, or mayor, to operate, control and manage a city water and light plant. This authority is expressed in clear and unambiguous language, and effectually creates a department of village or city government responsible only to the people. No revisory control is vested in the council or mayor," etc.

Ordinarily officers or persons appointed by a village council serve in capacities under the supervision or control of the council, or where the council is in a measure responsible for their good conduct. Such appointees are in a sense the servants or agents of the council acting in behalf of the municipality. Here the commission is clearly meant to be an independent department of the village government. If the village council may at will change the personnel or wholly abolish the commission, its independence and stability are gone, and it became a mere servile tool or agent of the council. We think the manifest object of the legislature was to place the conduct of municipal owned public business enterprises in the hands of a stable and independent body, free from the baneful influences which so often result from the frequent changes of the political complexion of an elective village council. We therefore conclude the village council of Chisholm had no power to remove respondents.

The Sykes case, supra, is readily distinguished from the case at bar. In the city of Minneapolis the common council is by statute made responsible for the operation of the water works, having the same power which its former board of water commission had to discharge men employed in the department. We are not concerned with the question who may remove a member of a village water, light, power and building commission for cause and upon a hearing. This was an attempted removal at will and without hearing, and we are satisfied that the village council do not possess the power to so remove respondents.

The demurrer to the information is sustained, and the writ quashed.

Let judgment be entered accordingly.