EMIL OIKARI v. INDEPENDENT SCHOOL DISTRICT NO. 40, ST. LOUIS COUNTY.[1]

February 25, 1927.

No. 25,278.

**Discharge of janitor by school board.**
> A school board may discharge a janitor at any time unless power of removal is restricted by statute.

Officers, 29 Cyc. p. 1371 n. 73.
Schools and School Districts, 35 Cyc. p. 953 n. 7.

Plaintiff appealed from an order of the district court for St. Louis county, Freeman, J., denying his motion for a new trial. Affirmed.
*Austin, Austin & Wangensteen*, for appellant.
*Alger R. Syme*, for respondent.

TAYLOR, C.
Plaintiff was employed by defendant in 1922 as janitor of one of its school buildings at a salary of $155 per month. Nothing was said as to the length of time for which he was employed, but he was placed on the monthly payroll and received his pay at the end of each month. He was discharged on October 2, 1924, and received pay for two days in October. Claiming that he was employed from month to month and was entitled to pay for the full month of October he sued for a month's salary less the amount paid

[1]Reported in 212 N. W. 598.

for the two days of actual service in that month. Whether the court was correct in holding that the employment was terminable at will is the question presented.

Plaintiff seemingly overlooks the fact that, as an employe of the school district, he was subject to the rules governing the appointment and removal of subordinate officers and employes of municipal corporations. The authorities all agree that the power to appoint officers or employes of a municipal corporation carries with it the power to remove such appointees at pleasure unless the power of removal is restricted by statutory law. 22 R. C. L. 562, §§ 266, 267; 29 Cyc. 1371; 23 Am. & Eng. Enc. (2d ed.) 435; Ann. Cas. 1912C, cases cited at page 374, et seq.; 2 McQuillin, Mun. Corp. 1229, § 558; 2 Dillon, Mun. Corp. (5th ed.) 791, § 473.

This court has frequently recognized this rule. Egan v. City of St. Paul, 57 Minn. 1, 58 N. W. 267; Parish v. City of St. Paul, 84 Minn. 426, 87 N. W. 1124, 87 Am. St. 374; State ex rel. Brandt v. Thompson, 91 Minn. 279, 97 N. W. 887; Sykes v. City of Minneapolis, 124 Minn. 73, 144 N. W. 453; State ex rel. Furlong v. McColl, 127 Minn. 155, 149 N. W. 11; State ex rel. Early v. Wunderlich, 144 Minn. 368, 175 N. W. 677; State ex rel. Village of Chisholm v. Bergeron, 156 Minn. 276, 194 N. W. 624.

There being no statute fixing the duration of the employment or restricting the power of removal in this case, the school board could discharge plaintiff whenever it saw fit to do so. It follows that the conclusion of the learned trial court was correct and its order is affirmed.