[S. F. No. 14402. In Bank.—October 21, 1931.]

GERRARD T. JANUARY, Petitioner, v. RAY L. RILEY, as State Controller, etc., Respondent.

De Lancey C. Smith and Francis C. Brown for Petitioner.

James W. Hickey for Respondent.

RICHARDS, J.—The petitioner herein applies for a writ of mandate, to be directed against the respondent herein, as Controller of the State of California, commanding him to issue a salary warrant, drawn on the state treasury to the petitioner, for the sum of $555.97, the sum being alleged to be the salary due him for his services during the

month of July, 1931, as a member of the board of pilot commissioners, of which board the petitioner has been a member since the twenty-eighth day of February, 1929, having been duly appointed and commissioned as such member thereof by the Governor of California, with the advice of the state senate, under the provisions of section 2440 of the Political Code. The term of office of such commissioners is fixed by section 2442 of the Political Code, which reads as follows: "The commissioners hold their offices during the pleasure of the power appointing them, not exceeding four years from the date of their commissions."

The salary of said commissioners is fixed by law at the monthly sum, for the payment of which the petitioner herein seeks the issuance of this writ.

On or about July 2, 1931, the Governor of California undertook to appoint one David L. Albert, of Piedmont, in the place and stead of the petitioner herein as a member of said board of pilot commissioners, and said Albert is alleged to have taken the oath of office as a member thereof and undertaken to replace the petitioner thereon.

The appointment of said Albert was so made without the advice or concurrence of the state senate, as provided in the section of the Political Code above set forth.

The petitioner herein, notwithstanding the admitted appointment of his successor, has sought to perform the duties of his office and has duly made and filed with the state Controller, the respondent herein, his demand for the payment of his stated salary for the month of July, 1931, which demand has been refused by said Controller, whereupon the petitioner applied for the issuance of an alternative writ of mandate to compel the issuance of said warrant, and which, when issued in response to his application, was made returnable before this court on Tuesday, October 6, 1931.

Upon the hearing thereon, the respondent presented no other return than an oral demurrer to said petition, and it was thereupon stipulated that the matter might be submitted to the court without oral argument and upon the points and authorities cited in the brief of the petitioner accompanying his said application.

These embrace references to section 2440 and section 2442 of the Political Code, as interpreted by this court

in the two cases entitled *People* v. *Freese,* 76 Cal. 663 [18 Pac. 812], and *People* v. *Freese,* 83 Cal. 453 [23 Pac. 378]. These two decisions of this court are conclusive upon the right of the petitioner herein to the issuance of the writ of mandate sought by his petition.

By the first of these cases, decided by this court in the year 1888, it was held that a member of the board of pilot commissioners, when duly appointed under the provisions of section 2440 of the Political Code, with the advice and consent of the senate, could be removed during his term of office by the Governor only with the advice and consent of the senate, and not otherwise.

In the later case of *People* v. *Freese, supra,* decided in the year 1890, the foregoing conclusion and interpretation of section 2440 of the Political Code were approved and confirmed.

The foregoing sections of the Political Code relating to the office of pilot commissioner were enacted at the time of the adoption of said code in the year 1872, and have remained unchanged ever since, and particularly since the interpretation placed upon them by the foregoing decisions of this court.

It may be taken, therefore, to be the settled law of this state that a member of the board of pilot commissioners, when once regularly appointed under the provisions of the foregoing sections of said code, holds office for the term of four years, unless sooner removed by the concurrent action of the Governor and senate. The appointment of a successor to this petitioner, not having been thus accomplished, it follows that he was entitled to his said office and to the emoluments thereof during the month of July, 1931, and that the refusal of the respondent herein to issue to him his salary warrant for that period entitles him to the issuance of this writ.

It is therefore ordered that a peremptory writ of mandate issue herein, as prayed for by said petitioner.

Seawell, J., Shenk, J., Waste, C. J., Curtis, J., Langdon, J., and Preston, J., concurred.