CHRIST B. KIERK v. CITY OF THIEF RIVER FALLS.

96 N. W. (2d) 28.

March 26, 1959—No. 37,683.

*Gordon La Bree,* for appellant.
*Robert A. Wurst,* City Attorney, for respondent.

PER CURIAM.

This is an appeal from a judgment of the District Court of Pennington County entered upon the defendant's motion for summary judgment. By his complaint the plaintiff asserts that on July 22, 1952, he was

---

hired as manager of the municipal airport of Thief River Falls. The fixed salary was $275 a month. As part of the employment agreement it is alleged that the municipality agreed to lease to him a building on the premises for a monthly rental of $25. From the date he was hired to January 1, 1956, the plaintiff remained in the employment of the defendant and operated a cafe in the building leased from the municipality. On the latter date the plaintiff took a leave of absence for 4 months, and on his return on April 1, 1957, he was advised by the defendant municipality that his employment had terminated and that other arrangements had been made for the operation of the cafe. The plaintiff seeks damages for the alleged unlawful dismissal from his employment and unlawful cancellation of his lease of the cafe building.

The defendant municipality moved for dismissal under Rule 12, Rules of Civil Procedure, on the ground that the complaint failed to state a claim upon which relief could be granted. In support of its motion the court considered the affidavit of the city attorney which was accompanied by copies of the ordinance, minutes of the meeting of the airport commission, and resolution of the city council relating to the transaction. The court treated the motion as one for summary judgment under the provisions of Rule 56.

There is nothing in the ordinance or resolution of the city council which in any way indicates an intention on the part of the parties that the employment relationship or the lease should be anything other than a month-to-month arrangement. We find nothing in the record to support the plaintiff's contention that he was employed on a year-to-year basis, nor has the plaintiff called to our attention any provision of law which establishes tenure or fixes the term of the office. We think the court was correct in granting summary judgment. It seems to us that this issue is controlled by Oikari v. Independent School Dist. No. 40, 170 Minn. 301, 302, 212 N. W. 598, wherein we said:

"* * * The authorities all agree that the power to appoint officers or employes of a municipal corporation carries with it the power to remove such appointees at pleasure unless the power of removal is restricted by statutory law."

See, also, 43 Am. Jur., Public Officers, § 183; 13 Dunnell, Dig. (3 ed.)

§ 6564; 15 Dunnell, Dig. (3 ed.) § 8010; State ex rel. McGinnis v. Police Civil Service Comm. 253 Minn. 62, 91 N. W. (2d) 154.[1] It must follow that, since the municipality had a right to terminate the plaintiff's employment, it cannot be held liable for damages alleged to have resulted therefrom.

Affirmed.

[1]The issue as to whether the contract related to a business or proprietory function of the municipality was not presented either by pleadings, brief, or argument. It was not considered by the trial court, nor is it considered here.