STATE EX REL. JOHN B. PAGE *v.* JOHN G. SMITH ET ALS.

### *Quo Warranto. Practice.*

In this state, the proceeding for a writ of *quo warranto* is commenced by an application in behalf of the relator to the Supreme Court, wherever in session, for an order upon the adverse party to show cause at some subsequent stated term of the court in the county of lawful venue, why an information praying for such writ should not be filed, and for an order as to the manner of making up the evidence to be used upon such showing of cause. This application may be made without notice, and if

State ex rel. Page *v.* Smith et als.

notice be given, the respondent need not appear, and the order to show cause is granted as of course, if proper ground and reason are shown by the application.

The granting of such orders does not determine nor affect any question of legal right, either as to subject-matter or procedure. All such questions stand without prejudice, to be raised, heard, and determined by the court to which the order to show cause is returnable.

But such order cannot be made returnable to the General Term of the Supreme Court, as that is not a term appointed by law to be held at any prescribed time and place; and a cause is not in the Supreme Court until it has been entered at a fixed county term of the court, and cannot go to the General Term except by order of court made at such fixed term.

The order to show cause must be returnable to the Supreme Court of the county in which one of the parties resides, the same as other process.

This was a motion by the state's attorney of Franklin County, upon the relation of John B. Page, of Rutland County, for leave to file an information in the nature of a writ of *quo warranto* against John G. Smith, of Franklin County, and others, none of whom resided in Washington County, requiring them to answer by what authority they claimed to exercise the office of directors of the Central Vermont Rail Road Company, and charging that for the space of thirty days and more, they had been and still were, exercising said office without authority. Notice that such motion would be filed was given to the respondents.

The court ordered that the respondents appear and show cause at the January Term, 1876, of the Supreme Court in Franklin County; that said motion be served on the respondents by delivering to each of them a true copy thereof, and of said order, at least twelve days before court; that the testimony to be used on the hearing of said motion, be taken in the form of depositions, on six days' notice; and that said company furnish to either party duly certified copies of all records of the company relating to the subject-matter of said motion.

*Daniel Roberts,* for the relator.

*B. F. Fifield,* for the respondents.

The opinion of the court was delivered by

BARRETT, J. As notice was given of said application, and counsel appeared for the relator and for some of the other par-

ties, and as the court was asked to order the proceeding to be had in the next General Term, and to determine and direct some matters of practice, which subjects were debated by counsel, it is regarded proper that the views of the judges should be comprehensively stated as follows.

The statute gives the Supreme Court power to issue and determine all writs of error, *certiorari*, *mandamus*, prohibition, and *quo warranto*. There is no further provision by statute in reference to such writs. The law as to the subject-matter of them, and of the course of proceeding in respect to them, is to be found outside of the statutes. They are instruments of the common law. In this state, the proceeding for a writ of *quo warranto* is commenced by an application in behalf of the relator, to the Supreme Court, wherever in session, for an order upon the adverse party to show cause at some subsequent stated term of that court in the county of lawful venue, why an information praying for such writ should not be filed, and for an order as to the manner of making up the evidence to be used upon such showing of cause. This application may be made without notice, and is granted as matter of course, if proper ground and reason are shown by the application. Such application and order constitute what may properly be regarded as the original process in the case, having the same purpose and effect as the original writ at law, or the bill and subpœna in chancery — viz: to bring the party into court to answer the cause alleged against him, and abide the judgment therein. The granting of these orders does not determine nor affect any question of legal right, either as to subject-matter or as to procedure. All such questions stand without prejudice, to be raised, heard, and determined by the court before which the order for showing cause is returnable. Such has been the usage in this state, and to that we conform in this case, seeing neither ground nor occasion for departing from it.

We think it not warrantable to order cause to be shown at the next General Term. That is not a term appointed by law to be held at any prescribed time and place. The statute (Gen. Sts. c. 30, s. 7,) enacts that the Supreme Court may appoint one general term of said court for the argument and decision of causes,

to be held in each year, at such time and place as may, in their judgment, be most convenient for that purpose ; and causes on the docket of said court in the several counties, may be ordered to be heard at such general term, provided that no cause shall be so ordered except in the discretion of said court, or upon the consent of parties.

Though the Supreme Court is the supreme court of the state, yet, for all purposes of venue and jurisdiction, it is the supreme court of the state for specific counties, of which the terms, both. as to time and place, are fixed by statute. Venue, as affecting jurisdiction of parties, is prescribed by statute with reference to such fixed terms of court in and for specified counties. Causes are returnable only to such fixed terms of court. Causes are entered and docketed only at such fixed terms. It is only of such localized courts in and for individual counties, that clerks are appointed, by whom offices are kept, and the files in causes are held and preserved, and records are to be made, kept, and authenticated. It is seen that the statute makes no such provision as to the General Term. A cause is not in the Supreme Court until it has been entered at a fixed county term. There is no provision for a cause getting into General Term, or for files getting there, or for a docket being made, only as the material is furnished by the clerks from the offices and courts of the several counties, upon the order of the court in such counties. It is seen also that no provision is made for causes to be argued and determined in the General Term, except those that are on the docket of the court in the several counties, and these only upon the order of such court.

Most of these views were considered and given effect to by the court in General Term at its last session—October, 1874,—in the matter of Bowen. He was in close jail in Windsor County on a certified execution. He had applied to a judge of the Supreme Court, to have the certificate vacated, and was denied on the score of jurisdiction. He then applied to the County Court, May Term, 1874, and was denied on the same score, and took exceptions, which were duly allowed and filed. The next term of the Supreme Court in Windsor County was to be held in Feb-

3

ruary, 1875. Having regard to the personal liberty of the citizen, it was important that the question should be determined at the earliest practicable time; and, to this intent, upon the suggestion of the presiding judge of the County Court, the clerk sent the cause to the General Term. The matter of hearing and determining it at that term, was argued and urged with ability and earnestness, and was not opposed by adverse counsel. The members of the court felt the urgency of the case, but all agreed that the cause was not authenticable before that court, and could not be till it had been entered in the Supreme Court in Windsor County, and had been ordered by that court into the General Term.

The statute prescribing venue and jurisdiction, fixes a county in which one of the parties resides, as that to the Supreme Court to which the process should be returnable, and in which it should be entered and docketed. This proceeding cannot be regarded as exceptional in this respect. Not till it has been so entered and docketed, can it be ordered to the General Term of the Supreme Court, and such order must be by the Supreme Court in and for such county.

This proceeding has been properly instituted in the name of the state by the state's attorney for Franklin County, and this fixes the venue and jurisdiction of the case.

As before intimated, the application to the court in session at Montpelier, in Washington County, had no relation to venue or jurisdiction for the purposes of the litigation to ensue under the order to show cause. The notice to the other party was a voluntary gratuity, and their appearance was equally so on the part of such as appeared. The court regards itself as having jurisdiction and function upon such application, only to make the order for showing cause and prescribing the notice thereof, and the manner of the evidence to be used on such showing. All questions of procedure, as well as of right, liabilities, and duty, involved in the subject and process of the proceeding, find their legitimate forum in the court in which cause is to be shown.