## Ex rel. Perry Coon v. Attorney General.

*Quo warranto—Legislation affecting judicial office.*

Act 76 of 1879 purported to establish the police court of Grand Rapids and repealed the act under which the police justice was acting, but continued him in office to the end of his term under the title of "police judge." *Held* that it did not confer a judicial office by legislation, but only abstained from legislating the police justice out of office.

Whether the Supreme Court would require the Attorney General to file an information in the nature of *quo warranto* against his own judgment—*Q.*

*Quo warranto* proceedings ought generally to be instituted in the circuit court.

Motion for an order directing the Attorney General to file an information in the nature of a *quo warranto*. Submitted October 28. Denied October 29.

42 MICH.—9.

*Ballard & Maynard* for the motion. It was the usage in England to file in the Court of King's Bench an application for a direction to the master of the Crown Office to file an information for the redress of public wrongs of which the applicant complained, High Ext. Leg. Rem., 434; *Goddard v. Smithett,* 3 Gray, 125; *Atty. Gen. v. Delaware & Bound Brook R. R.,* 38 N. J. L., 286.

Attorney General *Otto Kirchner* against.

PER CURIAM. The object of this application is to require the Attorney General to file an information in this court to inquire into the right of John M. Harris to hold the office and perform the duties of police judge of the city of Grand Rapids. It seems that Harris was chosen police justice of Grand Rapids for the term of four years from the sixth day of April, 1878; that in 1879 an act was passed to take effect on May 13, 1879, purporting "to establish and organize a municipal court in the city of Grand Rapids to be known and called 'The police court of Grand Rapids,'" one of the provisions of which purported to continue the police justice in office until the expiration of the time for which he was elected, but under the title of police judge. He was then made judge of the new court, and provision was made for the election of his successor. The new act repealed the one under which Harris was originally elected.

It is objected that the office Harris held was put an end to by the repeal of the old law, and that continuing him in office was equivalent to conferring a new office upon him by legislative act, and consequently invalid under the provision of the Constitution which requires judicial officers of cities and villages to be elected. Const., Art. xv., § 14. We do not agree in this view. The Legislature simply abstained from legislating the police justice out of office: they continued the office with some modification of title and duties, as it was very proper and suitable that they should do.

Holding to this view we have no occasion to consider the question whether we should under any circumstances require the Attorney General to file an information against his own judgment. We think it proper to say, however, that proceedings by information ought generally to be instituted in the circuit court unless the case is quite exceptional.