POUND *v.* ATTORNEY GENERAL.

1. PUBLIC OFFICERS—QUO WARRANTO—INSTITUTION OF PROCEEDINGS—STATUTES—PRESUMPTION OF VALIDITY.
   *It would seem* that where the aid of the prosecuting officer of the State or county is invoked to attack one's right to hold office under a statute claimed to be unconstitutional, and it appears that the petitioners have no personal interest in the matter, the officer might properly base a refusal of the request upon the presumption of the validity of the law, leaving the question unsettled until some person having a private interest sufficient to move the court to grant him the right to prosecute should seek its determination.

2. SAME — ATTORNEY GENERAL AND PROSECUTING ATTORNEY — JURISDICTION.
   2 How. Stat. § 8662, provides that informations in the nature of *quo warranto* may be filed in the circuit court, and that all powers conferred on the judges of the Supreme Court in regard thereto shall be possessed by the circuit judges, pro-

vided that no such information shall be allowed by the circuit court against any State officer; also, that the information may be filed by the prosecuting attorney of the proper county, on his own relation, or that of any citizen of the county, without leave of court. *Held*, that, where the dispute is over a county office, an application to have an information filed should be made to the prosecuting attorney, and not to the attorney general.

*Mandamus* by James H. Pound and others to compel Horace M. Oren, attorney general, to file an information in the nature of a *quo warranto*. Submitted February 10, 1899. Writ denied March 14, 1899.

*James H. Pound*, for relators.

*Horace M. Oren*, Attorney General ( *C. D. Joslyn* and *T. T. Leete, Jr.*, of counsel), for respondent.

HOOKER, J. The relators have asked a *mandamus* to compel the attorney general to file an information in the nature of a *quo warranto* to try the right of Alex. I. McLeod to the office of treasurer of Wayne county. The material facts are undisputed, and are, in substance, as follows: At the fall election in 1894 Mr. McLeod was elected treasurer for a term of two years, to commence January 1, 1895. The legislature, at its 1895 session, passed a law (Act No. 294, Local Acts 1895) changing the time for the commencement of the term of office of the treasurer of Wayne county thereafter from January 1st to July 1st next succeeding his election, and providing that the term of the incumbent should end on the 30th day of June, 1897. McLeod subsequently filed his official bond to cover the period between January 1 and July 1, 1897. At the fall election in 1896 Mr. McLeod was re-elected treasurer, and received his certificate of election. At the fall election of 1898 Mr. Buhrer, who during the incumbency of Mr. McLeod was deputy treasurer, was elected to the office of treasurer, over Mr. Licht, one of the petitioners to the attorney general. Since January 1 1899, Mr McLeod

has continued to hold the office, and proposes to continue to hold it until July 1, 1899. Mr. Buhrer conceded his right to so hold said office. Licht and two others then filed a petition with the attorney general, requesting him to institute proceedings in the nature of *quo warranto* to oust McLeod from the office, and upon a hearing, at which both parties were represented, that officer refused compliance; and, as already stated, the case is now before us on an application to compel the attorney general to act. The petitioners claim that the law changing the time for the beginning of the official term is unconstitutional. This is denied by respondent; and the further point is made on his behalf that his action in the matter is discretionary,. and that these petitioners have no such interest in the matter as to give them the right to have his discretion reviewed. His answer states that he gave the parties a hearing by counsel, and came to the conclusion that the act is not unconstitutional, and therefore declined to allow the use of his name.

The office in question is a county office, and the circuit court has jurisdiction to hear such cases. 2 How. Stat. § 8662. And this court should not be asked to entertain them, unless the case is quite exceptional. *Coon* v. *Attorney General*, 42 Mich. 65. It may be that it was the expectation that the attorney general would commence such proceeding in the circuit. This statute permits a citizen to file an information, without the intervention of a public officer, upon leave of court; but this provision has been held to have been intended for the benefit of persons making claim to the office, and others could not be allowed to institute proceedings without the aid of the prosecuting officer of the State or county. *Vrooman* v. *Michie*, 69 Mich. 42. The relators' standing must, then, depend upon their right to compel the proper officer to attack the title of McLeod to the office. The case of *Lamoreaux* v. *Attorney General*, 89 Mich. 151, has determined that citizens may bring *mandamus* to compel the proper officer to commence proceedings to oust an usurper, and that the

courts have jurisdiction to review his discretion. It does not follow that the court will compel proceedings in every case where such an application is made, though the right of the matter is in doubt. On the contrary, the case last cited turns on the point that the action of the officer should not be disturbed in a doubtful case. The court said:

"Under the holdings of this court in *Vrooman* v. *Michie,* 69 Mich. 42, the relator has not made out such a case as warrants the interference of this court with the action of the attorney general. The attorney general ought not to institute proceedings by *quo warranto,* upon the relation of a citizen having no claim of title to the office, unless the showing is such as to afford reasonable grounds for the belief that the incumbent of the office is an intruder therein, or one not competent, under the Constitution, to hold it. We are satisfied that not only is there no 'precise and positive showing' such as the law requires, but that the evidence produced in support of the relator's claim, taken in connection with the counter-affidavits, does not afford any reasonable ground for the belief that such proceedings would result in the determination that John McQueen is an alien."

And we doubt the propriety of compelling such proceedings where based alone upon advice to the relator that the law under which the incumbent holds is unconstitutional. The strong presumption is that all laws are constitutional. It would seem to be the duty of the attorney general and the prosecuting officers to uphold the laws, and try to enforce them, rather than to attack them by all available methods; and the practice of permitting moot cases, where no private right is involved, and no public interest of importance is to be subserved, deserves no encouragement. And we are of the opinion that the prosecuting officer might properly place his refusal upon the presumption of the validity of the law, leaving the question unsettled until a case where a person having a private interest sufficient to move the court to grant him the right to prosecute should arise. But we do not care to place the decision of this case upon this ground.

The application in this case was to the attorney general.

The office in dispute is not a State office, and the questions before us are within the jurisdiction of the circuit court. We do not discover that any application has been made to the prosecuting attorney, though the statute cited clearly indicates that, in cases where other than State officials are involved, he is the proper officer to move; and, if application were shown to have been made to him, and refused, *mandamus* would lie to compel him to act, as well as against the attorney general, and it might issue from the circuit court. If the attorney general is to be compelled to deal with applications to proceed against county treasurers, he is equally subject to applications involving the title to township, school-district, highway, and municipal offices. We think the design of section 8662 is manifest, and that local offices are within the jurisdiction of local courts and officers, and that the principal law officer of the State may require parties to seek relief through such channels. It would doubtless be a convenience to the parties if this court would take original jurisdiction in this case, and so, doubtless, it would be in any case; and though we might be disposed to determine all of the questions raised, now that they are here, it would be but an illy-concealed invitation to seek similar favors. These favors it is not our province to bestow, and we feel that, as a rule, we should devote our attention to the interests of parties who have a right to it. We see little excuse in this case for appealing either to this court or to the attorney general. The remedy, if there is one, is in the circuit court.

The writ will be denied, with costs.

GRANT, C. J., MONTGOMERY and LONG, JJ., concurred. MOORE, J., did not sit.