BOUCHA *v.* ALGER CIRCUIT JUDGE.

1. QUO WARRANTO—PLEADING—PETITION—PUBLIC OFFICERS.

    A petition for leave to file an information in the nature of a quo warranto against a township supervisor should be sufficiently clear and definite as to facts to make out a clear case of right, and should not state conclusions.

2. SAME—DISCRETION OF COURT.

    The granting or withholding leave to file an information in the nature of a quo warranto is discretionary.

3. SAME.

    The law requires a precise and positive showing before the appellate court will interfere in such proceeding.

Mandamus by Ezra J. Boucha to compel Joseph H. Steere, circuit judge of Alger county, to vacate an order denying a petition to file an information in quo warranto proceedings. Submitted December 14, 1909. (Calendar No. 23,637.) Writ denied February 3, 1910.

*R. R. Stewart,* for relator.

*H. B. Freeman,* for respondent.

BROOKE, J. At the April, 1909, election, relator was a candidate for the office of supervisor of the township of Munising, Alger county. His opponent for said office, at said election, one Marcus A. Doty, was declared elected. Relator thereupon filed his petition in the circuit court for Alger county, praying for leave to file an information in the nature of quo warranto against said Doty to test his title to said office. The circuit court denied relator's prayer. He now asks this court for a writ of mandamus, commanding the circuit judge to grant the prayer of his petition.

Relator's petition was in part as follows:

"He shows that there were eleven votes cast for your

petitioner that were legal votes which were not counted by said election board for the alleged reason that said ballots contained distinguishing marks, when in fact said ballots did not contain distinguishing marks, the real reason being, that a majority of said election board were opposed to the election of your petitioner, and illegally refused to count said eleven ballots. He shows that said election board counted between one and ten ballots for said Marcus A. Doty that have distinguishing marks and were illegal ballots and should not have been counted."

We are of opinion that in holding that the relator, by his petition and affidavits in support thereof, failed to make a showing "sufficiently clear and definite as to facts, to make out a *prima facie* case" the learned circuit judge was clearly right.

It is apparent that relator swears to a conclusion only, and his affidavits are no stronger than his petition. The application should be so clear and positive in its statement of facts as to make out a clear case of right; and should be so framed as to sustain a charge of perjury if any material allegation is false. *Cain* v. *Brown,* 111 Mich. 657 (70 N. W. 337). The granting or withholding leave to file an information in the nature of a quo warranto is discretionary. *People* v. *Tisdale,* 1 Doug. (Mich.) 59; *Attorney General* v. *Railroad Co.,* 55 Mich. 15 (20 N. W. 696). The law requires a precise and positive showing before the court will interfere in such a proceeding. *Vrooman* v. *Michie,* 69 Mich. 42 (36 N. W. 749); *Cain* v. *Brown, supra.*

The writ is denied, with costs.

MONTGOMERY, C. J., and OSTRANDER and HOOKER, JJ., concurred with BROOKE, J. BLAIR, J., concurred in the result.