(No. 11400.—Judgment affirmed.)

THE PEOPLE *ex rel.* J. H. Snelling *et al.* Appellants, *vs.*
O. J. ROBERTS *et al.* Appellees.

*Opinion filed June 21, 1917—Rehearing denied October 5, 1917.*

QUO WARRANTO—*affidavit in support of petition for quo warranto cannot be based on belief.* An affidavit in support of a petition for an information in the nature of *quo warranto* attacking the organization of a high school district must be positive and be made by one knowing the facts, and it cannot rest on the information and belief of the affiant.

APPEAL from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding.

F. M. THOMPSON, State's Attorney, and SCHNEIDER & SCHNEIDER, for appellants.

KERR & LINDLEY, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

At the December term, 1916, of the Ford county circuit court, leave was asked to file an information in the nature of a *quo warranto* as to the organization of a high school district in said county. After a hearing on the affidavits presented by both parties the court refused the leave, and this appeal was taken.

Numerous questions have been raised in the briefs, but we deem it necessary to consider only one,—that is, the insufficiency of the affidavit filed in support of the petition. This affidavit was made by J. H. Snelling, and it is clear that it was based, in part, on information and belief. The affidavit itself so states in terms. This court in *People* v. *Healy*, 230 Ill. 280, with reference to this question said (p. 297): "The affidavit or affidavits accompanying the petition must be full and positive and must be made by a person or persons knowing the facts, and be drawn in such manner as that perjury may be assigned thereon if any material allegation contained therein is false." In *Cain* v. *Brown*, 111 Mich. 657, it is stated that this rule is inflexible. "The affidavits upon which the application is based should contain positive allegations of the facts upon which the prosecutor seeks to assail the title of the respondent, and the courts are averse to granting leave to file the information upon affidavits which rest only upon the belief of the affiant." (High on Ex. Legal Remedies,—3d ed.—sec. 733, and cases there cited.) This affidavit does not conform to this requirement, and for this reason, if for no other, the trial court rightly refused leave to file the information.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*