(No. 19880.—Reversed and remanded.)
THE PEOPLE ex rel. John Kinahan et al. Appellants, vs.
GEORGE L. BLAIR et al. Appellees.

*Opinion filed February 21, 1930—Rehearing denied April 4, 1930.*

H. E. FULLENWIDER, State's Attorney, CATRON & CATRON, and SAMPSON & GIFFIN, for appellants.

LESLIE J. TAYLOR, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

The State's attorney of Sangamon county, on the relation of four land owners in Union Drainage District No. 2 of the towns of Illiopolis and Lanesville, in that county, filed his petition in the circuit court of Sangamon county for

leave to file an information in the nature of *quo warranto* attacking the organization of the drainage district. Leave was granted, the information filed, a return day fixed and summons issued and served upon appellees. On the return day appellees appeared and filed a motion, supported by affidavits, to vacate the order granting leave to file the information and to dismiss the petition. A hearing was had upon the motion, and an order was entered vacating the leave to file the information and dismissing the petition at appellants' costs. From this motion appellants have perfected an appeal to this court.

Appellants urge several grounds for the reversal of the judgment of the circuit court, among them that as the petition showed proper ground for leave to file the information · in *quo warranto* and such leave had been granted, the order should not have been set aside upon motion, supported by affidavits amounting merely to the denial of the facts alleged in the petition and setting up matters of defense thereto.

The petition, among other things, set out that the petition for the organization of the district, as the basis for the organization of such district, was signed by the owners of only 506 acres of land, and that such signers constituted less than one-third of the total number of owners of land in the district; that the total acreage of land in the district was 1378½, and that such petition was therefore wholly insufficient and invalid for the organization of the district; that certain of the petitioners were not owners of lands described in the petition; that certain of the lands described in the petition were already drained, and that the allegations in the petition that such lands were in need of drainage were false and fraudulently made; that said facts were then and there well known to the signers of the petition, and that the allegations contained in the petition and affidavit thereto attached, that the petitioners were the owners of the major part or portion of the lands within the proposed district and constituted one-third or more of the own-

ers of the land included in the boundaries of the proposed district, were falsely and fraudulently made for the purpose of inducing the highway commissioners of the towns of Illiopolis and Lanesville to proceed to organize the proposed drainage district, as prayed in the petition; that the highway commissioners, as *ex-officio* drainage commissioners of the towns of Illiopolis and Lanesville, without having made any investigation in regard to the owners of the land in the proposed district or the interest of the petitioners therein but relying solely on the allegations in the petition and affidavit, granted the prayer of the petition and signed an order purporting to declare the proposed drainage district organized as Union Drainage District No. 2 of the towns of Illiopolis and Lanesville, including all the lands described within the petition; that thereafter, on the 10th day of March, 1928, a pretended election was held and return made to the town clerk of the town of Illiopolis purporting to show that John W. Nelson, George L. Blair and A. Williams were then elected as commissioners of the drainage district, but that the purported election was held without sufficient notice of the place thereof, and that Williams and Nelson were not eligible to be elected or to hold such office by reason of the fact that Williams was not an owner of any land in the district and that Nelson was not a resident of Sangamon county, in which the district lies; that thereafter said persons assumed to act as commissioners of such district; that thereafter the purported resignation of Williams as one of the commissioners of the district was filed in the office of the town clerk, and afterwards, on June 26, 1928, Blair and Nelson, as such pretended commissioners, assumed to accept the resignation and on the 4th day of March, 1929, directed the town clerk to call an election for drainage commissioners, and pursuant thereto, on the 16th day of March, 1929, a pretended election was held and a return thereof made by Nelson and Blair purporting to show that Nelson and Herman Lyon

were elected as commissioners of the district, and that since that time Blair, Nelson and Lyon have been purporting to act as such commissioners; that the pretended organization of the supposed drainage district was fraudulent and void and that each and all of the acts of the pretended commissioners were illegal and of no force and effect; that Nelson, Lyon and Blair have unlawfully usurped and exercised, and propose and intend to continue to exercise, the rights, powers, privileges and franchises of commissioners of such drainage district in and upon the lands described in the petition. The petition then states facts tending to show that the relators were not guilty of *laches*.

The information is in the ordinary form, charging appellees with usurping the rights, privileges, powers and franchises over the lands of the relators, as pretended commissioners of the supposed drainage district, without any warrant, right or lawful authority whatsoever and with usurping the rights, privileges, powers and franchises of a union drainage district.

The affidavits filed by appellees in support of their motion to dismiss the petition consisted of contradictions and denials of the facts stated in the petition. No question is raised as to the sufficiency of the petition for the information upon its face.

Where leave to file an information in the nature of *quo warranto* is granted in an *ex parte* proceeding, the court may, at any time during the term at which such leave was granted, vacate and set aside the order if it is made to appear that the leave was inadvertently or improvidently granted or allowed under a misapprehension of the law and the facts. Where, however, a petition for leave to file an information in the nature of *quo warranto* shows proper cause for granting the leave, and leave is granted, the order granting such leave should not be set aside upon motion supported by affidavits which merely amount to a denial of the allegations of fact in the petition, but the proper prac-

tice in such case is to deny the motion and require the respondent to demur or plead to the information, as respondent sees fit. Such affidavits are not sufficient to show that the leave was improvidently granted—they merely show that an issue should be made up for trial. (*People* v. *Union Elevated Railroad Co.* 269 Ill. 212.) The office of an information in the nature of *quo warranto* is not to tender an issue of fact, but only to call upon the respondents to show by what warrant they exercise the right claimed. The People need not allege any facts showing that the exercise of the right by the respondents is without lawful authority, but it is enough to allege that they are exercising it without lawful authority. The respondents must then disclaim or justify, and, if they justify, must set out the facts which show their lawful authority to exercise the right claimed. *People* v. *Hartquist,* 311 Ill. 127.

A petition for leave to file an information in the nature of *quo warranto* need do no more than set up a state of facts, apparently true, sufficient to induce a reasonable belief that rights, privileges, franchises or offices are being usurped or unlawfully exercised by a person or corporation in violation of law, to the detriment of the public in the manner alleged. When such a condition is set forth, probable ground for the institution of the proceedings is shown and leave to file the information should be granted and process ordered issued. When tested by these rules the petition in this case was sufficient to call upon respondents to answer the same. Section 4 of the Quo Warranto act provides that every defendant who shall be summoned or served with a copy of the information, as required in the act, shall be held to demur or plead to the information on the return day of the summons or within such further time as may be granted by the court, or, in default thereof, judgment may be taken *nil dicit.* This is a civil case, and pleadings in cases of this kind should be in accordance with the common law. (*People* v. *Heidelberg Garden Co.* 233 Ill. 290.) The

62

proper practice in the case at bar would have been to over-rule the motion of the respondents to set aside the order granting leave to file the information and permit respondents to demur or plead to the information, as they saw fit, so that the cause could be heard and determined according to the established rules of practice and as provided in the Quo Warranto statute.

The judgment of the circuit court will be reversed and the cause remanded to the circuit court of Sangamon county, with directions to deny the motion to vacate the order granting leave to file the information and for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*