MARIAN *v*. BEARD.

1. QUO WARRANTO—PUBLIC OFFICE—PRIVATE ATTACK.
    Generally, public welfare demands that public officer shall not
    be called upon to defend his title to office against private
    attack.

2. SAME—WHEN CITIZEN MAY ATTACK.
    Private citizen has no right to compel public officer to show title
    to office until he has shown his own right in the first place to
    attack it.

3. SAME—CITIZEN'S REMEDY TO OUST PUBLIC OFFICER.
    Private citizen's remedy to oust usurping public officer is by
    application to prosecuting attorney or attorney general to file
    information in nature of *quo warranto* on his relation, and,
    in case of refusal, to review denial by mandamus.

4. SAME—SHOWING OF RIGHT TO REMEDY MUST BE POSITIVE.

    In application for leave to file information in nature of *quo warranto* or to obtain action of prosecuting attorney or attorney general, showing of right to said remedy must be precise and positive.

5. SAME—GRANTING LEAVE DID NOT DEPRIVE DEFENDANT OF ANY RIGHT.

    *Ex parte* order granting citizens leave to file information in nature of *quo warranto* to determine defendant's right to office of member of board of education of school district did not deprive defendant of any substantial right either as to subject-matter or as to procedure.

6. SAME—EX PARTE ORDER—MOTION TO DISMISS.

    Motion could have been made to set aside *ex parte* order granting citizens leave to file information in nature of *quo warranto* to determine defendant's right to office of member of board of education of school district.

7. SAME—JUDGES—STATUTES.

    Circuit judge's order dismissing information in nature of *quo warranto*, did not constitute setting aside order of another judge granting plaintiffs leave to file said information, and therefore 3 Comp. Laws 1929, § 13671, is not involved.

8. SAME—PRIVATE ACTION—FACTS TO BE ALLEGED.

    Citizen's suit, on leave of court, by information in nature of *quo warranto*, to determine defendant's right to public office, is private action, and therefore information must allege facts which give plaintiff right to sue.

9. SAME—INSUFFICIENT INFORMATION PROPERLY DISMISSED.

    Citizens' information in nature of *quo warranto* to determine defendant's right to office of member of board of education of school district, which failed to allege right to said office in any of plaintiffs or that they had leave of court to file information, was properly dismissed as insufficient.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 20, 1932. (Docket No. 30, Calendar No. 36,284.) Decided June 6, 1932.

*Quo warranto* proceedings by Kenneth Marian and others against Fred Beard to try title to a public office. Petition dismissed. Plaintiffs appeal. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiffs.

*Stevenson, Butzel, Eaman & Long (Charles A. Wagner,* of counsel), for defendant.

FEAD, J. Plaintiffs, representing themselves to be "residents and qualified electors" of Fordson school district, made application to the circuit court for Wayne county for leave to file an information in the nature of *quo warranto,* to determine the right of defendant to the office of member of the board of education of the district. The application alleged that the term of two members, one of whom was John S. Makemson, a plaintiff here but not so identified in the application for leave, expired on July 1, 1931; and that at an election held June 8th defendant had received the largest vote, had been declared elected, had taken office although not legally qualified, and was holding office without warrant of law. It was not alleged that Makemson nor any other person is entitled to nor claims the office which defendant holds.

Upon the application, heard *ex parte,* the circuit court of Wayne county, by Hon. Theodore J. Richter, circuit judge, made an order granting plaintiffs leave to file the information, which they later did. In the information plaintiffs represented themselves each to be "a resident, taxpayer and qualified elector" of the district. There was no allegation that any of them is entitled to or claims the office which

defendant holds nor that they had leave of court to file the information.

On motion of defendant, the court, by Hon. Adolph F. Marschner, circuit judge, entered an order dismissing the information on the grounds that it shows that plaintiffs are not proper plaintiffs in the cause, and that the information does not set up a cause of action in *quo warranto*. This is mandamus to review the order of dismissal.

The question here was not involved in *Ruppert* v. *Township School District*, 252 Mich. 482.

In general, public welfare demands that a public officer shall not be called upon to defend his title to office against private attack. So, in construing the statute (3 Comp. Laws 1929, § 15297), this court early held that leave to a citizen to file the information may be granted only to one making a showing of title in himself.

"No private citizen has any right to compel an officer to show title until he has shown his own right in the first place to attack it." *Vrooman* v. *Michie*, 69 Mich. 42.

See, also, *Newman* v. *U. S., ex rel. Frizzell*, 238 U. S. 537 (35 Sup. Ct. 881); 51 C. J. p. 336.

The remedy of another citizen to oust a usurping officer is by application to the prosecuting attorney or attorney general to file information on his relation, and, in case of refusal, to review the denial by mandamus. *Lamoreaux* v. *Attorney General*, 89 Mich. 146; *Pound* v. *Attorney General*, 119 Mich. 528.

In the application for leave to file information or to obtain action of the prosecuting attorney or attorney general, the showing of the right to the remedy must be "precise and positive." *Cain* v. *Brown*,

111 Mich. 657; *Boucha* v. *Alger Circuit Judge,* 159 Mich. 610; 17 Enc. Pl. & Pr. 452.

The order granting leave to file the information, having been made *ex parte,* does not deprive defendant of any substantial right (*Ferzacca* v. *Freeman,* 240 Mich. 682), either as to subject-matter or as to procedure (*State, ex rel. Page,* v. *Smith,* 48 Vt. 14). Motion could have been made to set aside the order granting leave.   51 C. J. p. 329.

However, defendant's motion made no direct attack upon the order granting leave, but was based exclusively upon the information as filed.   The order of dismissal was wholly upon the insufficiency of the information.   The record does not show that Judge Marschner assumed to set aside the order of Judge Richter, and 3 Comp. Laws 1929, § 13671, is not involved.

The suit by a citizen, on leave of court, is a private action (*Vrooman* v. *Michie, supra*), and, therefore, the plaintiff must allege in the information the facts which give him the right to sue (51 C. J. p. 344; 22 R. C. L. p. 710; 17 Enc. Pl. & Pr. 461 *et seq.; People, ex rel. Blomquist,* v. *Nappa,* 80 Mich. 484, 487). Such allegations necessarily include the granting of leave to, and showing of title in, plaintiff.   Lacking them, the information was insufficient.

Mandamus denied, with costs to defendant.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.