(No. 22368.—)

THE PEOPLE *ex rel.* Willie T. Jones, Appellant, *vs.*
WALTER WOODRUM, Appellee.

*Opinion filed April 21, 1934—Rehearing denied June 12, 1934.*

OTTO KERNER, Attorney General, and THOMAS P. REEP,
for appellant.

JOHN M. SMOOT, and ARTHUR W. LILIENSTEIN, for
appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Pursuant to leave granted, an information in the nature of *quo warranto* was filed in the circuit court of Menard county by the Attorney General in the name of the People, on the relation of Willie T. Jones, appellant herein, against Walter Woodrum, appellee herein, requiring him to show by what authority he holds the office of commissioner of highways of road district No. 7 of Menard county. Appellant's demurrer to the plea filed by the appellee was overruled. The case is here on appeal.

Menard county is not under township organization. Its affairs are managed by a board of county commissioners. Prior to June 1, 1933, road district No. 7 had been established by the board of county commissioners. Appellant, Jones, had for a term of three years been elected to the office of commissioner of highways for this district at the regular election in April of 1932 and had assumed the duties of the office. He resides in the village of Tallula, which is in road district No. 7. On June 1, 1933, the board of county commissioners entered an order detaching that village from district No. 7. It also made the village road district No. 12. The regularity of these proceedings is not questioned. On September 1, 1933, the board of county commissioners entered an order declaring vacant the office of commissioner of highways of road district No. 7. The reason for the order was that appellant, by virtue of his residence in the village of Tallula, was no longer a resident of road district No. 7. Appellee was appointed by the board to fill out appellant's unexpired term. Appellee is a legal resident and voter of district No. 7. He entered upon his duties and on September 5, 1933, determined the tax rate and the amount of taxes to be levied in his road district and certified the rate and amount to the board of county commissioners. The board approved the tax levy made by the appellee.

Appellant contends that the board of county commissioners was without power to create the village of Tallula into a separate road district, for the reason that it contains a population of less than three thousand. Even if the power is vested in the board of county commissioners, appellant contends that the changes, so far as they affect appellant, are prospective in their operation and do not go into effect until the end of his term. Appellant further contends that under section 9 of article 9 of the State constitution appellee has no authority to levy taxes, because he was appointed and not elected to his office. A decision of that proposition is not germane to a *quo warranto* proceeding. The sole question involved is appellee's right to the office. *People* v. *Whitcomb*, 55 Ill. 172.

The first thing to be determined is, Did the board of county commissioners have power to create road district No. 12 out of a village of less than three thousand inhabitants? Sub-section 1 of section 41 of article 6 of the act to revise the law in relation to roads and bridges, approved June 27, 1913, as amended, (Laws of 1929, p. 675,) directs that at its next regular or special meeting, upon request of the city council or president and board of trustees of a city or village of three thousand or more inhabitants, the board of county commissioners in counties not under township organization "shall" create a new road district out of such city or village. This sub-section was added to the act of 1913 in 1925. It then provided that boards of county commissioners "may" provide that the territory embraced in any city or village in such county shall be organized as a road district, provided such territory shall have a population of not less than three thousand, etc. Appellant contends that unless the population of a city or village is at least three thousand, the board of county commissioners in a county not under township organization has no power to create of such municipality a new road district. However, sub-section 5 of section 41

of the Road and Bridge act (Laws of 1913, p. 537,) was amended (Laws of 1919, p. 882,) and the italicized words were added, and the sub-section now reads, in part, as follows: "The board of county commissioners of each county shall have full and complete power and jurisdiction to alter the boundaries of road districts, to change road district lines *and create new road districts* in their respective counties to suit the convenience of the inhabitants residing therein," etc. This sub-section provided that upon a petition of at least twenty legal voters of a road district, upon giving notice, etc., the board of county commissioners could alter, change or create a road district.

Nothing prohibiting the county board from creating a new road district is now contained in the act. The provision in sub-section 1 of section 41, under the circumstances there set out, is now mandatory. This does not preclude the board from creating a road district out of a city or village of less than three thousand population if the board sees fit, upon a proper petition being presented and the statutory notice being given, any more than a lack of three thousand population would prevent the formation of any other new road district upon such petition and notice. Any other construction would prevent the board of county commissioners from exercising its full power, discretion and jurisdiction to alter and create road districts, granted by sub-section 5 of section 41. The board of county commissioners had full power to create road district No. 12 under sub-section 5 and was not prohibited from doing so by sub-section 1 of section 41.

The change caused by creating road district No. 12, so far as appellant and the office he held as road commissioner are concerned, was immediate rather than prospective. We do not agree with the opposite holding contained in the decision of *State* v. *Nelson,* 7 Wash. 114, 34 N. W. 562, nor is such a holding required in view of section 49 of the Road and Bridge act. (Laws of 1913,

p. 542.) That section empowers the board of county commissioners in such counties to fill vacancies in road district offices caused by "death, resignation, removal from the district or other cause," and it further provides that such appointees shall have the same powers as if they had been elected, etc. Appellant took his office by election with knowledge that the county board had complete power to create new road districts and to fill a vacancy if one occurred from any cause. There is nothing that requires or justifies holding that since the board had power to create the new district in which he now lives out of the old district in which he formerly lived he shall continue as an officer when he no longer resides in the district in which he was elected to office. The policy of our State is to furnish districts with officers from their own population rather than from some other district. This is a sufficient cause to hold the office vacant. We have indicated that the power to levy a tax is not involved in a *quo warranto* proceeding and that we will not undertake to decide that question here.

It is not necessary to decide how the officers of the new road district shall be selected, since that is not the question presented here. Provisions made for cities and villages of a population of three thousand or more are not applicable, and it will be proper to decide whether officers in road district No. 12 lawfully hold their offices when such a case is presented.

For the reasons indicated, the judgment of the circuit court of Menard county overruling the demurrer of appellant and finding that appellee lawfully holds the office of highway commissioner of road district No. 7 is affirmed.

*Judgment affirmed.*