## ALBERT DOLLENMAYER AND OTHERS v. WILLIAM RYDER AND OTHERS.[1]

April 28, 1939.

No. 31,856.

*E. Luther Melin,* for relator-appellants.
*Kingman, Cross, Morley, Cant & Taylor,* for respondents.

HOLT, JUSTICE.

Relators appeal from an order vacating an order issuing a writ of *quo warranto* herein and quashing the proceeding.

Upon the presentation to one of the judges of the district court of

[1]Reported in 286 N. W. 297.

Hennepin county of the petition or information filed herein, wherein petitioners style themselves relators, charging that respondents were wrongfully usurping the office of trustees of The First Unitarian Society of Minneapolis, a religious corporation organized under the laws of this state, of which relators were members, a writ of *quo warranto* issued *ex parte* directing each of respondents to show by what warrant of authority they claimed the right to have and hold the office of trustees of the society. Five other issues were also attempted to be raised by the petition and writ. These other issues cannot be redressed by *quo warranto,* for if it appears that respondents are the trustees of the society the proceeding terminates. Upon being served with the writ respondents promptly appeared in court and moved to vacate the order issuing the same and to quash the proceeding on the grounds, among others, that the petition or information did not state facts warranting leave to issue the writ of *quo warranto,* and that the order issuing it was improvidently made because of the failure of relators properly to apprise the court of the facts of the case. At the outset it may be suggested that the title of the proceeding does not conform to 2 Mason Minn. St. 1927, § 9713. However, other causes in *quo warranto* have appeared in this court similarly entitled. Dennistoun v. Davis, 179 Minn. 373, 229 N. W. 353. So the petitioners will be referred to herein as relators and their opponents as respondents. In relators' brief the claim is made that Judge Selover, who determined the motion to quash the proceeding, could not reverse Judge Reed's order issuing the writ. There is no merit in the claim. Anyway the record shows no objection to the hearing and submission of the motion to Judge Selover.

It is conceded that, in granting leave to members of a private corporation to challenge by *quo warranto* the rights of its officers to hold the offices they claim to occupy, the court exercises judicial discretion. 5 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 8062, 8070. This quotation from the exhaustive opinion in State ex rel. Young v. Village of Kent, 96 Minn. 255, 258, 104 N. W. 948, 949, 1 L.R.A.(N.S.) 826, 6 Ann. Cas. 905, is here in point:

"We are of the opinion that the court exhausts its discretion when it exercises it upon the preliminary application for leave to file the information. This presumes, however, that the court actually exercises its discretion, and does not deprive it of the right to dismiss the proceedings if it subsequently appears that it acted improvidently or through inadvertence and under a misapprehension of facts. Gilroy v. District Attorney, 105 Pa. St. 484; Commonwealth v. Kistler, 149 Pa. St. 345, 24 Atl. 216. Under such circumstances no judicial discretion is exercised."

The same rule obtains in other jurisdictions. People v. City of Chicago, 270 Ill. 188, 110 N. E. 366; People ex rel. Kinahan v. Blair, 339 Ill. 57, 170 N. E. 680; Marian v. Beard, 259 Mich. 183, 242 N. W. 880; 51 C. J. p. 329, § 28.

Upon the showing made at the hearing of the motion to vacate the order issuing the writ and to quash the proceeding, we think it was conclusively established that respondents were the duly selected and elected trustees of the society and that the evidence of that fact was withheld from the court at the time the writ issued. The petition or information had attached as exhibits the original articles of incorporation of the society and certain amendments thereof, among which was a copy of the amendment of articles III, IV, V, and VI, duly certified to and acknowledged by the chairman, the vice-chairman, and the secretary of the society as adopted at the special meeting of the corporation of March 16, 1938, designated as exhibit E. Also attached as an exhibit were the by-laws of the organization fixing the necessary quorum at any regular or special meeting as 15 voting members. There is no averment that either the articles or the amendments were recorded as required, but it may be assumed to have been done. From an inspection of exhibit E it appears to have been adopted at a special meeting of the society held March 16, 1938, and article VI as amended designates each of respondents as a trustee of the society and specifies when his or her term of office expires. From the affidavit of the secretary of the society, adduced in support of the motion to quash, it appears that he is the custodian of the records and minutes of the society and

of its board of trustees, and attached to his affidavits are true copies of the minutes of all such meetings, both regular and special, since January 9, 1933. From these minutes it clearly appears that due notice as prescribed by the by-laws was given of the special meeting of the society held March 16, 1938, and of the purpose thereof; and that at said meeting there were 96 voting members of the society present in person. Of these, 60 voted to adopt the amendment of the articles named and 14 voted against. In addition, 440 votes by proxy were cast in favor of the amendment. There is a contention that members of the society cannot vote by proxy. It is not necessary to consider that question for it is clear that it was a lawfully called special meeting of the society at which more than the required quorum of voting members were present in person, and by a vote of 60 to 14 the amended articles were adopted.

The statute under which the society organized (2 Mason Minn. St. 1927, § 7995) provides:

"Any religious corporation, by a resolution adopted, certified, acknowledged, and recorded in the same manner as its original certificate, may alter, modify, or add to such original certificate in any manner not inconsistent with law. When recorded, such amended certificate shall take the place of the original."

The original articles or certificate specified the number of trustees, named them, their term of office, and time of the election of their successors. By the quoted § 7995 it is plain that the society had the power to amend article VI, as was done, and that respondents therein designated as the trustees hold their office for the time therein specified, which had not expired when the writ issued. Relators made no attempt to question or deny anything shown by the affidavit and attached exhibits of the secretary. Whatever lawfully could or should have been contained in the original articles when adopted, this statute authorizes the corporation to insert in its articles by way of an amendment duly adopted by resolution passed by a majority vote of the voting members of a religious corporation at a meeting duly called and held. Exhibit E, made a part of relators' petition, discloses that the amendment of articles

III, IV, V, and VI of its incorporation articles or certificate, adopted by the society March 16, 1938, by a majority vote, was properly acknowledged, and, as shown by the secretary's affidavit on page 55 thereof, was duly recorded in the office of the register of deeds, in book 367 Misc. p. 69, March 22, 1938, at 11:45 A. M. and filed in the secretary of state's office the same day. We think this is conclusive proof that respondents were the *de jure* trustees of the society, and that ends the proceeding.

The conclusion just announced renders it improper to express any opinion in respect to the occasion for this lawsuit—the purchase of a church site by the society. Relators charge respondents and the society with various derelictions relating to that purchase. The society is not a party to the suit. Nor are respondents as the lawful trustees accountable for their doings as such in *quo warranto*. State ex rel. Young v. Hays, 105 Minn. 399, 117 N. W. 615; State ex rel. Village of Chisholm v. Bergeron, 156 Minn. 276, 194 N. W. 624; People ex rel. Jones v. Woodrum, 356 Ill. 427, 190 N. E. 916.

The court, arriving at the conclusion that the writ was improvidently granted, quashed the proceeding without ruling on the demurrer or considering the other issues tendered by relators. In this it did not err. In the memorandum attached to the order the court expressed an opinion as to the validity of the purchase of the site. The motive was no doubt to discourage further litigation. It is plain that the court did not intend to determine any other issue than the one of quashing the writ of *quo warranto,* and that there is no occasion for this court to comment upon the dictum referred to in the memorandum of the trial court.

The order is affirmed.

Mr. Justice Hilton, incapacitated by illness, took no part.