STATE OF MINNESOTA ex rel. H. W. CHILDS and Another v. TRUMAN GRIFFEN.[1]

August 12, 1897.

Nos. 10,672—(247).

Constitution — Limitation on Governor's Power of Appointment — State Board of Pharmacy.

G. S. 1894, § 7926, in so far as it requires the governor to appoint members of the state board of pharmacy from among a certain number of pharmacists elected by the state pharmaceutical association, is opposed to the provisions of the constitution (article 5, § 4), and is unconstitutional and void.

Writ in the nature of quo warranto issued out of the supreme court on the relation of H. W. Childs, attorney general, and the Minnesota State Pharmaceutical Association, commanding Truman Griffen to show by what warrant he held and exercised the office of member of the board of pharmacy of the state of Minnesota. Writ discharged and proceeding dismissed.

The petition for the writ alleged that the Minnesota Pharmaceutical Association presented to the governor the names of five persons from whom to appoint a member of the state board of pharmacy to succeed H. Gordon Webster, whose term expired December 31, 1896; and that the governor appointed respondent to said office, though his name was not on the list presented by the pharmaceutical association, and that the appointment had been confirmed by the state senate.

*Fifield, Fletcher & Fifield,* for relator Minnesota State Pharmaceutical Association.

*Weed Munro,* for respondent.

[1] Reported in 72 N. W. 117.

COLLINS, J.[2]

The question here is whether G. S. 1894, § 7926, is an unwarrantable interference with the constitutional prerogative of the chief executive in the exercise of the power granted to him in the matter of appointments to office. The constitution (article 5, § 4) provides that the governor "shall have power, by and with the advice and consent of the senate, to appoint a state librarian and notaries public and such other officers as may be provided by law." Section 7926, supra, provides for the appointment of a state board of pharmacy, and confers upon the state pharmaceutical association the power of electing 15 reputable and practicing pharmacists, from which number the governor shall appoint five, these five holding office for different terms,—from one to five years,—and to constitute the first state board. Annually thereafter the state association is to elect five pharmacists, from which number the governor is to select and appoint one to fill the vacancy annually occurring. In cases of other vacancies, the appointments to fill the same must be from among those last elected, and whose names were last submitted to the governor.

The power conferred upon the governor by the constitutional provision is broad and unrestricted. When officers provided by law are to be appointed by him, the exercise of his judgment and his freedom of selection are not qualified or limited, except as this judgment and selection may not meet the approval of the state senate. The governor's appointees may not be confirmed. This grant of power is not, in terms, limited in section 4, art. 5, Const., and there are no other provisions of the fundamental law which can be cited in support of the legislative right to confer upon the state pharmaceutical association the power to dictate and control appointments, which the governor is authorized to make. If this were so, the legislature could delegate the power of selection to a natural person, or to a ward caucus, and compel the chief executive to surrender his prerogative to such person or caucus. If he may be compelled to select one of five persons named by a natural or artificial person, he can equally as well be obliged to choose as

2 BUCK, J., took no part in the decision of this case.

between two, or, for that matter, compelled to appoint without even exercising a discretion as between two.

A statute which thus interferes with the freedom of selection contemplated by the constitutional provision must be in conflict with its terms and with its spirit and intent. Under the law in question, the governor is deprived of an exercise of his choice or discretion. He can simply choose as between a number of persons who are determined and selected by the members of a corporation. The duty to appoint was personally required of the governor by the people when adopting the fundamental law. He cannot delegate the power of appointment; he cannot surrender his authority to another; and he cannot relinquish or renounce the right. So that any legislation which relieves the governor from the obligation to exercise his judgment and freedom of selection, when acting for the people in the matter of appointments to office, deprives them, as well as him, of a constitutional right, and effects a radical change in a constitutional provision. See People v. Angle, 109 N. Y. 564, 17 N. E. 413. Section 7926, supra, is unconstitutional and void in so far as it requires the governor to appoint members of the board from among those persons elected or designated by the state association.

It will be understood that we do not intimate that the legislature cannot create an office, and itself appoint the officer thus provided for, or lodge the power of appointment elsewhere than with the chief executive, or that, in its enactments, it might not provide that appointees to legislative offices, as distinguished from offices created and fixed by the constitution, must possess certain qualifications. It has frequently been held that the right of the legislature to prescribe qualifications is not inconsistent with the executive power of appointment to office.

This proceeding, in the nature of quo warranto, is in all things set aside and dismissed.