[1] Reported in 15 N.W.2d 783.
With the consent of the attorney general, relators filed an information for a writ of quo warranto to test the right of respondent to the office of corporation counsel for the city of St. Paul. The writ having been issued by leave of this court, respondent served and filed his answer thereto, together with a notice of motion to vacate the order issuing the writ and to quash the information, the writ, and all proceedings thereunder. The notice of motion was supported by a lengthy affidavit purporting to recite the factual history of a controversy between him and relators culminating in a resolution of the city council dated August 18, 1944, removing him from office. By reference, the allegations of respondent's answer and a transcript of proceedings had before the city council after the passage of the removal resolution were incorporated into the affidavit. Upon the filing of the notice of motion, answer, and accompanying affidavit, this court issued an order, dated September 13, 1944, requiring relators to show cause why the relief specified in the notice of motion should not be granted. The order provided inter alia "that Relators may demur or shall reply in detail to the Answer of Respondent, and that Relators shall serve and file such demurrer or Reply before the return hour hereof; and that Relators shall serve and file an answering affidavit to Respondent's affidavit, therein answering in detail respondent's affidavit and the factual statements therein, and also in the other documents, records, and transcripts therein referred to."
No reply or demurrer to the answer nor counteraffidavits have been filed by relators as directed. They challenge the regularity of *Page 289 
the procedure adopted and object to the disposition of any issues of fact on affidavits.
While quo warranto is an extraordinary writ, yet, absent statutory directions to the contrary, ordinary rules of civil pleading should be applied to proceedings wherein the writ is invoked. 51 C. J., Quo Warranto, § 54. Our statute authorizes this court to issue such writs and provides "for the hearing and determination of all matters involved therein * * * subject to such regulations as it may prescribe." Minn. St. 1941, § 480.04 (Mason St. 1927, § 132). Under this statute, it may reasonably be argued that the court has the power, if it chooses to exercise it, to hear and determine issues of fact inquo warranto proceedings upon affidavits, without a reference. But such procedure would be contrary to that generally adopted by the courts of this country (see High, Extraordinary Legal Remedies [2 ed.] § 606; State v. Brown, 5 R.I. 1), and should not be resorted to over the objection of one of the parties where both the law and the facts are involved and in dispute. An examination of the answer and supporting affidavit now satisfies us that the issues tendered are not such as should be determined upon affidavits, and that, notwithstanding seeming advantages of a speedy determination of the issues, these are more than counterbalanced by the importance of presenting the disputed issues in the usual manner rather than upon conflicting affidavits.
Where leave to file an information for a writ of quo warranto
is granted ex parte, this court may vacate and set aside its order if it appears that the leave was granted inadvertently, improvidently, or under a misapprehension of facts. State ex rel. Young v. Village of Kent, 96 Minn. 255, 258, 104 N.W. 948,1 L.R.A.(N.S.) 826, 6 Ann. Cas. 905. The information and subsequent proceedings should not, however, be set aside upon a motion supported by affidavits which merely amount to a denial of the allegations of the petition. The proper practice in such a case is to deny the motion and to require the respondent to plead to the information as he sees fit. People ex rel. Kinahan v. Blair, 339 Ill. 57, 170 N.E. 680. The affidavits presented here are not sufficient to show that leave *Page 290 
was improvidently granted, but merely emphasize the fact that there is a dispute between the parties not only as to the proper construction of the provisions of the St. Paul charter relating to dismissal and removal of corporate officers, but also as to the facts leading up to the removal of respondent.
These considerations impel us to rescind that portion of the order of September 13 requiring the filing of counteraffidavits and to deny the motion of respondent. Our denial of the motion is not to be construed as an expression of opinion upon the right of the city council under the St. Paul charter to remove respondent from office without formal charges and a hearing thereon, nor upon the validity of other defenses alleged in the answer. Any questions of law which are involved in the proceedings can be determined upon a demurrer to the answer, or, in case a reply and not a demurrer is interposed, upon a motion based upon the pleadings. Should the right or want of right to remove respondent without a hearing appear from the pleadings as a matter of law, no reference will be necessary, and the delay incident to a reference will be avoided.
Motion denied.