STATE EX REL. ASSOCIATED MASTER BARBERS &
BEAUTICIANS AND OTHERS v. JOSEPH EISCHEN
AND ANOTHER.[1]

March 16, 1956.

No. 36,784.

---

[1]Reported in 76 N. W. (2d) 385.

*McGuigan & McGuigan,* for relators.

*Miles Lord,* Attorney General, and *Harold J. Soderberg,* Special Assistant Attorney General, for respondents.

THOMAS GALLAGHER, JUSTICE.

This is a motion to quash a writ of quo warranto issued in proceedings now pending here in the above-entitled matter.

By writ of quo warranto issued from this court, relators, Associated Master Barbers & Beauticians of Minnesota and its officers, seek removal of respondents, Joseph Eischen and Peter Odegard, from their offices as members of the state Board of Barber Examiners. They contend that respondent Eischen is unqualified to serve as a member of said board because he is not "a practical barber who has followed the occupation of a barber in this state for at least five years immediately prior to his appointment," a qualification for appointment to the board prescribed in M. S. A. 154.22. Respondents in their answer deny this allegation and in consequence a factual dispute arises with reference thereto.

Relators also contend that none of the three appointees now comprising the board are members of, or were recommended by, the Associated Master Barbers & Beauticians of Minnesota and that hence the tenure of at least one of them is contrary to § 154.22, which requires that "one [of the members of the Board of Barber Examiners] shall· be a member of, or recommended by, the master barbers association of Minnesota."

As the basis for the present motion to quash, respondents challenge the validity of both statutory requirements as in contravention to Minn. Const. art. 5, § 4, which confers upon the Governor his general powers of appointment in the following language:

"* * * He [the Governor] shall have power, by and with the advice and consent of the Senate, to appoint a state librarian and notaries public, and such other officers as may be provided by law."

■ We do not feel that the statutory requirement that each member shall "be a practical barber who has followed the occupation of a barber in this state for at least five years immediately prior to his appointment" is unconstitutional as an unreasonable restriction upon the Governor's power of appointment. As stated in State ex rel. Childs v. Griffen, 69 Minn. 311, 313, 72 N. W. 117, 118:

"* * * It has frequently been held that the right of the legislature to prescribe qualifications [as the basis for appointment to public office] is not inconsistent with the executive power of appointment to office."

See, also, Matter of O'Connor, 180 Misc. 630, 43 N. Y. S. (2d) 412; 42 Am. Jur., Public Officers, § 38; 22 Minn. L. Rev. 451, 455.

The five-year experience prerequisite no doubt was intended to make certain that an appointee would be competent to pass upon questions ordinarily within the board's jurisdiction, such as, the issuance of licenses to those seeking entry into the profession; the regulation of training and education of prospective barbers; the inspection of shops to insure sanitation and to eliminate the spreading of infectious diseases; and like matters affecting the industry and the public in general. See title to L. 1927, c. 316.

Many others of our state boards have like experience requirements as the basis for appointment thereto. Thus, M. S. A. 146.03, relating to the State Board of Examiners in the Basic Sciences, requires that "each [of the doctors on the board] * * * shall have practiced his respective profession in this state for a period of at least five years prior to his appointment." Section 148.03, covering appointment to the State Board of Chiropractic Examiners, requires appointees to have "practiced chiropractic in this state for at least three years immediately prior to the time of appointment, * * *"; and § 150.01, relating to the State Board of Dental Examiners, prescribes that appointees thereto "shall have been lawfully in active practice in

this state for five years immediately preceding his appointment." Like requirements are specified for appointment to the State Board of Pharmacy, see § 151.02, and to the State Veterinary Examining Board, see § 156.01.

■ Respondents' answer to relator's information for the writ places in issue relator's allegation that respondent Joseph Eischen lacked compliance with this five-year experience requirement. Accordingly, the writ may not be quashed upon motion as here attempted. The principles governing the determination of factual issue in quo warranto proceedings are outlined in State ex rel. City of St. Paul v. Oehler, 218 Minn. 287, 289, 15 N. W. (2d) 783, 784, as follows:

"Where leave to file an information for a writ of *quo warranto* is granted *ex parte,* this court may vacate and set aside its order if it appears that the leave was granted inadvertently, improvidently, or under a misapprehension of facts. * * * The information and subsequent proceedings should not, however, be set aside upon a motion supported by affidavits which merely amount to a denial of the allegations of the petition. The proper practice in such a case is to deny the motion and to require the respondent to plead to the information as he sees fit. * * * The affidavits presented here are not sufficient to show that leave was improvidently granted, but merely emphasize the fact that there is a dispute between the parties not only as to the proper construction of the provisions of the St. Paul charter relating to dismissal and removal of corporate officers, but also as to the facts leading up to the removal of respondent."

As above stated, respondents here have pleaded to the information and challenged the vital allegation that Joseph Eischen lacked the essential five-year experience as a barber required by statute, an issue which must be determined before this court can decide what disposition should be made in the present proceedings.

■ We do not reach the issue of the constitutionality of the statutory provision that one member of the Board of Barber Examiners "be a member of, or recommended by, the master barbers association of Minnesota." If it should be determined that Eischen fails

to qualify under the five-year experience provision and that in consequence he holds a membership upon the board without proper authority, his removal therefrom will leave a vacancy thereon which the Governor will be authorized to fill. Should a new appointee be named who is a member of, or recommended by, the Master Barbers Association of Minnesota, the issue raised with respect to the constitutionality of this section would become moot. Hence, determination thereof is postponed until the factual question with reference to respondent Eischen as above described has been determined. Minnesota Baptist Convention v. Pillsbury Academy, 246 Minn. 46, 74 N. W. (2d) 286; State v. One Oldsmobile Sedan, 227 Minn. 280, 35 N. W. (2d) 525.

The motion to quash is denied.